ORIGINAL

Kamran Fattahi (California Bar 150,343)
LAW OFFICES OF KAMRAN FATTAHI
(A Professional Corporation)
6345 Balboa Blvd., Suite 330 (Bldg. 2)
Encino, CA 91316
Telephone: (818) 996-0015
Facsimile: (818) 996-0095
Email: kfattahi@earthlink.net

Of Counsel:
DWYER SCHRAFF MEYER
  GRANT & GREEN
Attorneys at Law, A Law Corporation
WILLIAM G. MEYER, III        2513-0
PATRICK K. SHEA              8387-0
1800 Pioneer Plaza
900 Fort Street Mall
Honolulu, Hawaii 96813
Telephone: (808) 524-8000
Facsimile: (808) 537-4667
Email: wmeyer@dwyerlaw.com
       pshea@dwyerlaw.com

Attorneys for Defendant
  ASIANA MANAGEMENT GROUP, INC.

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

JUN 0 1 2006

at ___ o'clock and ___ min. ___ M
SUE BEITIA, CLERK

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| WILLIAM R. KOWALSKI and HAWAII INTERNATIONAL SEAFOOD, INC., <br><br> Plaintiffs, <br><br> v. <br><br> ASIANA MANAGEMENT GROUP, INC. (d/b/a ACE SUSHI), <br><br> Defendant. | CIVIL NO. CV04-00080 JMS-LEK <br><br> DEFENDANT'S SCHEDULING CONFERENCE STATEMENT; CERTIFICATE OF SERVICE <br><br> No Trial Date Has Been Set. <br> Scheduling Conference: <br> Date:           June 5, 2006 <br> Time:           9:00 a.m. <br> Judge:  Leslie E. Kobayashi |

257245.2

## DEFENDANT ASIANA MANAGEMENT GROUP, INC. (d/b/a ACE SUSHI)'S SCHEDULING CONFERENCE STATEMENT

Defendant ASIANA MANAGEMENT GROUP, INC. (d/b/a ACE SUSHI) ("Defendant"), by and through its attorneys of record, hereby submits its Scheduling Conference Statement to this Honorable Court pursuant to Rule 16 of the Federal Rules of Civil Procedure and Rule 16.2(b) of the Local Rules of Practice for the United States District Court for the District of Hawaii ("L.R.")

I.   NATURE OF THE CASE

Plaintiffs initiated this lawsuit on February 3, 2004 by filing a Complaint that included only a patent infringement cause of action against Defendant, an entity who buys its raw fish for its sushi business from several third-party suppliers. Defendant does not provide any instructions to its suppliers as to the process they use to treat raw fish for color retention, and the process used by these suppliers are their own choice. As a result, Defendant has no involvement in the process used by its suppliers for treatment of raw fish products, and Defendant is merely a purchaser of such products.

Since the filing of this lawsuit, on several occasions Defendant has voluntarily provided Plaintiffs' counsel with declarations and documentary evidence from Defendant's suppliers, wherein the suppliers have stated and verified in writing and under penalty of perjury that the frozen and raw fish products they sell to Defendant are not made by imparting "tasteless smoke" to the

fish according to the teaching of the Kowalski patent. Instead, Defendant's suppliers have stated that they use a process whereby carbon monoxide gas is used to treat the fish for better color retention, and that some of the varieties of fish that they sell are not treated with tasteless smoke or carbon monoxide, but, instead a natural process is used for treating the fish. Still another supplier processes its fish under a patented process under a license from another entity, a process that they believe is different from that covered by the claims of the Kowalski patent. Unfortunately and without sufficient basis, these voluntary-produced declarations and evidence have not satisfied Plaintiffs and their counsel that the Kowalski patent is not infringed by the methods of processing of fish products that are sold by various suppliers to the Defendant, and Plaintiffs have chosen to continue with this lawsuit.

Realizing that their patent infringement claim against Defendant is weak at best, Plaintiffs have now chosen to add an even less meritorious claim by filing a First Amended Complaint on May 26, 2006, which adds a new cause of action for alleged unfair competition. Plaintiffs' newly asserted second cause of action is based on an allegation that Defendant is engaged in false or misleading representation of the nature of its raw fish products to wit: that Defendant misleads customers and government inspectors by failing to advise them that the fish Defendant sells is treated by carbon monoxide to give it better color retention qualities, and by failing to advise them that such products are not from Japan.

While Defendant will not fully address in this filing the lack of an appropriate legal basis for Plaintiffs' new cause of action for unfair competition, suffice to say that Defendant believes that there are at least two major problems with Plaintiffs' new claim.

First, Plaintiffs lack standing to assert such a claim, as they are not a competitor of Defendant (Plaintiff does not sell fish or sushi products), and Plaintiffs cannot appoint themselves the de-facto Attorney General to enforce the law – assuming there is a legal or statutory basis for the asserted unfair competition claim.

Second, it is believed that Plaintiffs cannot establish "causation" – i.e., Plaintiffs cannot show that the alleged conduct by Defendant has caused Plaintiffs harm or damage that is intended to be protected by the unfair competition laws that have been asserted in the First Amended Complaint. Theoretically speaking, if anything, it would be Defendant's alleged patent infringement that allegedly has brought about damage to Plaintiffs. In other words, the underlying wrong alleged to have been committed by Defendant is the act of patent infringement, and that being the case, Plaintiffs should not be permitted to couch their patent infringement claim under the alternative cause of action of unfair competition.

## II.     JURISDICTION AND VENUE

In the First Amended Complaint, Plaintiffs have asserted jurisdiction under 28 U.S.C. §§ 1338(a) and 1331, under 28 U.S.C. § 1338(b), and under 28 U.S.C. §

257245.2                                              -4-

1367(a) for their patent infringement and unfair competitions claims. In addition, Plaintiffs have asserted venue under 28 U.S.C. §§ 1391 and 1400(b). Defendant has just received the First Amended Complaint, and while Defendant does not contest jurisdiction and venue at this time, it is in the process of investigating Plaintiffs' assertions of jurisdiction and venue, and will address those issues when responding to the First Amended Complaint.

## III. JURY TRIAL

Defendant has just received the First Amended Complaint. Defendant is considering whether or not to seek a jury trial, and will address that issue when responding to the First Amended Complaint.

## IV. DISCLOSURES

At this time, Defendant does not believe that there would be a need for any special disclosures beyond matters covered by the Rule 26(f) report.

## V. PENDING DISCOVERY AND MOTIONS

Although Defendant has voluntarily produced substantial discovery to Plaintiffs as part of settlement discussions, there has not been any formal discovery as of this time. A Stipulated Protective Order has been entered. There are also no pending motions.

## VI. SPECIAL PROCEDURES

Defendant agrees with the statements in Section VI of Plaintiffs' Scheduling Conference Statement, and does not object to an increase in the number of interrogatories to 60 (per named party).

## VII. RELATED COURT CASES

Although Defendant is not fully aware of all the other patent infringement lawsuits filed by Plaintiffs relating to the same patent that is at issue in this action, it is Defendant's understanding that several other lawsuits alleging infringement of the Kowalski patent have been filed in this District.

## VIII. ADDITIONAL MATTERS

Defendant has just received the First Amended Complaint, and will be responding thereto. Defendant is also considering the possibility of filing third-party complaints in this action against one or more of its suppliers from whom it has purchased the fish product(s) that are at issue in this action.

DATED: Honolulu, Hawaii, June 1, 2006.

_____
WILLIAM G. MEYER, III
PATRICK SHEA
Attorneys for Defendant
ASIANA MANAGEMENT GROUP, INC.
(d/b/a ACE SUSHI)

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| WILLIAM R. KOWALSKI and HAWAII INTERNATIONAL SEAFOOD, INC., <br><br> Plaintiffs, <br><br> v. <br><br> ASIANA MANAGEMENT GROUP, INC. (d/b/a ACE SUSHI), <br><br> Defendant. | CIVIL NO. CV04-00080 DAE LEK <br><br> CERTIFICATE OF SERVICE |

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a copy of the DEFENDANT'S SCHEDULING CONFERENCE STATEMENT; CERTIFICATE OF SERVICE was served by depositing the same in the U.S. Mail, postage prepaid, upon the following parties on June 1, 2006:

257245.2

TO: MILTON M. YASUNAGA, ESQ.
MARTIN E. HSIA, ESQ.
Cades Schutte LLLP
1000 Bishop Street, Suite 1200
Honolulu, Hawaii 96813-4216

Attorneys for Plaintiffs
  WILLIAM R. KOWALSKI and
  HAWAII INTERNATIONAL SEAFOOD, INC.

DATED: Honolulu, Hawaii, June 1, 2006.

                                                  _/s/_____
                                                WILLIAM G. MEYER, III
                                                PATRICK SHEA
                                                Attorneys for Defendant
                                                ASIANA MANAGEMENT GROUP,
                                                INC. (d/b/a ACE SUSHI)