KAMRAN FATTAHI (California Bar 150,343)
LAW OFFICES OF KAMRAN FATTAHI
6345 Balboa Blvd., Suite 330 (Bldg. 2)
Tel: (818) 996-0015
Fax: (818) 996-0095
Email: kfattahi@earthlink.net

Of Counsel:
DWYER SCHRAFF MEYER
 GRANT & GREEN
Attorneys at Law, A Law Corporation
WILLIAM G. MEYER, III    2513-0
PATRICK K. SHEA          8387-0
1800 Pioneer Plaza
900 Fort Street Mall
Honolulu, Hawaii 96813
Telephone: (808) 524-8000
Facsimile: (808) 537-4667
Email: wmeyer@dwyerlaw.com
       pshea@dwyerlaw.com

Attorneys for Defendant
 ASIANA MANAGEMENT GROUP, INC.
 (d/b/a ACE SUSHI)

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| WILLIAM R. KOWALSKI and HAWAII INTERNATIONAL SEAFOOD, INC., <br><br> Plaintiffs, <br><br> v. <br><br> ASIANA MANAGEMENT GROUP, INC. (d/b/a ACE SUSHI), <br><br> Defendant. | CIVIL NO. CV04-00080 JMS-LEK <br><br> DEFENDANT ASIANA MANAGEMENT GROUP, INC.'S ANSWER TO FIRST AMENDED COMPLAINT FILED MAY 26, 2006; COUNTERCLAIM; DEMAND FOR JURY TRIAL; CERTIFICATE OF SERVICE <br><br> Trial Date:        April 3, 2007 |

257871.1

- 2 -

# DEFENDANT ASIANA MANAGEMENT GROUP, INC.'S
# ANSWER TO FIRST AMENDED COMPLAINT FILED MAY 26, 2006

Defendant ASIANA MANAGEMENT GROUP, INC. (d/b/a ACE SUSHI) ("Defendant Asiana") responds to the First Amended Complaint (the "Complaint") filed herein as follows:

1. Defendant Asiana answers paragraph 1 of the Complaint by admitting that United States District Courts have subject matter jurisdiction over matters arising under the patent laws of the United States and under § 43(a) of the Lanham Act and in connection with claims within the Court's supplemental jurisdiction. Defendant Asiana denies all remaining allegations contained in said paragraph 1 of the Complaint.

2. In response to the allegations contained in paragraph 2 of the Complaint, Defendant Asiana denies that it has committed acts of infringement or other actionable acts in this judicial district and therefore denies that venue is proper in this Court.

3. In response to the allegations contained in paragraph 4 of the Complaint, Defendant Asiana states that the patent referred to in said paragraph 4 (the "401 Patent") speaks for itself. Defendant Asiana is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations

contained in said paragraph 4 of the Complaint and therefore denies said allegations.

4. Defendant Asiana is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs 5, 6, 10, 13, 14, 22, 23, 24 and 25 of the Complaint and therefore denies said allegations.

5. In response to the allegations contained in paragraphs 7 and 8 of the Complaint, Defendant Asiana states that the quoted language and provisions of law contained at 35 U.S.C. §§ 271(g) and 282 speak for themselves. Defendant Asiana denies all remaining allegations contained in paragraphs 7 and 8 of the Complaint.

6. In response to the allegations contained in paragraphs 9 and 11 of the Complaint, Defendant Asiana denies that it has any obligation to obtain "authorization" from Plaintiffs. Defendant Asiana is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraphs 9 and 11 of the Complaint and therefore denies said allegations. Defendant Asiana avers that it is only a purchaser of fish products from other suppliers who select and apply their own processing methods to such fish products without any directive from Defendant Asiana.

7. Defendant Asiana denies the allegations contained in paragraphs 12, 15, 16, 17, 18, 19, 21, 26, 27, 28, 29 and 30 of the Complaint.

8. In response to the allegations contained in paragraphs 3 and 20 of the Complaint, Defendant Asiana incorporates by reference its responses to all other allegations of the Complaint set forth herein.

9. Defendant Asiana denies each and every allegation contained in the Complaint not admitted or otherwise answered herein.

## FIRST DEFENSE

10. The Complaint fails to state a claim upon which relief can be granted.

## SECOND DEFENSE

11. Defendant Asiana intends to rely on the defense that Plaintiffs lack standing.

## THIRD DEFENSE

12. Defendant Asiana intends to rely on the defense that it has not infringed and is not now infringing any valid claim of the 401 Patent.

## FOURTH DEFENSE

13. Defendant Asiana intends to rely on the defense that no claim of United States Patent No. 5,972,401 literally or equivalently covers or includes, within its scope, any process used for treating fish, seafood, meat, or food ever made, used, offered for sale, or sold by Defendant Asiana.

## FIFTH DEFENSE

14. Defendant Asiana intends to rely on the defense that, upon information and belief, by reason of the prosecution history of the 401 Patent, Plaintiffs are estopped from asserting any claim of said patent which would cause such patents to cover or include within its scope any process for treating fish, seafood, meat, or food ever made, used, offered for sale, or sold by Defendant Asiana.

## SIXTH DEFENSE

15. Defendant Asiana intends to rely on the defense that, upon information and belief, any interpretation of each claim of the 401 Patent which covers or includes any process for treating fish, seafood, meat, or food made, used, offered for sale, or sold by Defendant Asiana would cause each such claim, as so interpreted, to be invalid under the provisions of 35 U.S.C. §100 et seq.

## SEVENTH DEFENSE

16. Defendant Asiana intends to rely on the defense that, upon information and belief, the 401 Patent and each claim thereof are invalid for failure to meet the requirements of 35 U.S.C. §§ 101, 102, 103, 112, and 251.

## EIGHTH DEFENSE

17. Defendant Asiana intends to rely on the defense that, upon information and belief, the 401 Patent and each claim thereof are unenforceable by

257871.1

reason of Plaintiffs' inequitable conduct (Rule 56); file wrapper estoppel (prosecution history estoppel); and equitable estoppel.  In addition, Plaintiffs' claims for relief are barred by other patent misuse.

## NINTH DEFENSE

18.     Defendant Asiana intends to rely on the defense that, upon information and belief, the 401 Patent and each of the claims thereof are unenforecable by reason of Plaintiffs' misuse of said patent in attempting to extend the monopoly allegedly granted thereby beyond any reasonable and justifiable interpretation of the claims therein, even if such claims are valid, and in maintaining Count One of the Complaint for patent infringement against Defendant Asiana without probable cause and for improper anti-competitive purposes knowing that Defendant Asiana has not infringed the 401 Patent and/or not having any proper basis for bringing this patent infringement action against Defendant Asiana.

## TENTH DEFENSE

19.     Defendant Asiana intends to rely on the defense that Defendant Asiana has not engaged in any false, misleading, fraudulent, deceptive, willful, knowing, or intentional conduct in relation to the importation, selling, advertising, promotion, marketing, or labeling of fish and seafood products that has caused damage or harm to Plaintiffs.

257871.1

## ELEVENTH DEFENSE

20.    Defendant Asiana intends to rely on the defense that there is no legal obligation on Defendant Asiana to provide public notice or labeling regarding whether or not its fish and seafood products are fresh, natural, untreated, contains chemical additives, or regarding their geographic origin.

## TWELFTH DEFENSE

21.    Defendant Asiana intends to rely on the defense that upon information and belief, Plaintiffs' allegations in Count Two of the Complaint are without basis and probable cause, and have been brought for improper anti-competitive purposes knowing that Defendant Asiana has not committed the acts complained of in said claims and/or without having any proper legal basis for bringing such claims against Defendant Asiana.

## THIRTEENTH DEFENSE

22.    Defendant Asiana intends to rely on the defense that Plaintiffs are barred and estopped from asserting the claims set forth in the Complaint by reason of their unclean hands.

## FOURTEENTH DEFENSE

23.    Defendant Asiana intends to rely on the defense that Plaintiffs are barred and estopped from asserting the claims set forth in the Complaint by virtue of the doctrine of laches.

## FIFTEENTH DEFENSE

24.  Defendant Asiana intends to rely on the defense that Plaintiffs are barred and estopped from asserting the claims set forth in the Complaint by virtue of the statute of limitations.

## SIXTEENTH DEFENSE

25.  Defendant Asiana intends to rely on the defense that the Complaint fails to state facts sufficient to state a claim upon which relief can be granted as to Plaintiffs' request for damages.

## SEVENTEENTH DEFENSE

26.  Defendant Asiana intends to rely on the defense that the Complaint fails to state facts sufficient to state a claim upon which relief can be granted as to Plaintiffs' request for costs and/or attorneys' fees.

## EIGHTEENTH DEFENSE

27.  Defendant Asiana intends to rely on the defense that the Complaint fails to state facts sufficient to state a claim upon which relief can be granted as to Plaintiffs' request for injunctive relief.

## NINETEENTH DEFENSE

28.  Defendant Asiana intends to rely on the defense that the Complaint and Plaintiffs' purported claims are not ripe for adjudication.

## TWENTIETH DEFENSE

29. Defendant Asiana intends to rely on the defense that Plaintiffs' claims for relief are barred by the existence of invalidating prior art.

## TWENTY-FIRST DEFENSE

30. Defendant Asiana intends to rely on the defense that Plaintiffs' claims for relief are barred by all applicable statutory bars and/or statutory defenses not otherwise set forth herein.

## TWENTY-SECOND DEFENSE

31. Defendant Asiana intends to rely on the defense that Plaintiffs' claims for relief are barred by Plaintiffs' violation of the antitrust laws and/or violation of the Federal Trade Commission Act.

## TWENTY-THIRD DEFENSE

32. Defendant Asiana intends to rely on the defense that Plaintiffs' claims for attorneys' fees are barred because this is not an "exceptional case" pursuant to either 35 U.S.C. § 285 or § 35(a) of the Lanham Act (15 U.S.C. § 1117(a)).

## TWENTY-FOURTH DEFENSE

33. Defendant Asiana intends to rely on the defense that Plaintiffs' claims for relief are barred by noninfringement, absence of liability for infringement, unenforceability, invalidity and all other grounds under 35 U.S.C. § 282.

257871.1

## TWENTY-FIFTH DEFENSE

34. Defendant Asiana intends to rely on the defense that Plaintiffs' claims for relief are barred by virtue of the fact that the subject products have been materially changed by subsequent processes and/or because the subject product is a trivial and nonessential component part of another product pursuant to 35 U.S.C. § 271(a).

## TWENTY-SIXTH DEFENSE

35. Defendant Asiana intends to rely on the defense that Plaintiffs' claims are barred 25 U.S.C. § 287.

## TWENTY-SEVENTH DEFENSE

36. Defendant Asiana intends to rely on the defense that the Complaint and each of Plaintiffs' claims for relief are moot.

## TWENTY-EIGHTH DEFENSE

37. Defendant Asiana intends to rely on the defense that Plaintiffs are precluded from asserting any rights alleged in the Complaint by the doctrines of abandonment and/or waiver.

## TWENTY-NINTH DEFENSE

38. Defendant Asiana intends to rely on the defense that Plaintiffs have suffered no cognizable damage or injury as a result of the matters alleged in the Complaint.

## THIRTIETH DEFENSE

39.     Defendant Asiana intends to rely on the defense that any acts, or omissions to act, by Defendant Asiana were not the proximate cause of any injuries allegedly suffered by Plaintiffs.

## THIRTY-FIRST DEFENSE

40.     Defendant Asiana intends to rely on the defense that Plaintiffs have failed to mitigate their damages and failed to exercise due diligence in their effort, if any, to mitigate their damages.

## THIRTY-SECOND DEFENSE

41.     Defendant Asiana intends to rely on the defense that Plaintiffs' conduct concerning the matters alleged in the Complaint constitutes carelessness, negligence, misconduct, and/or bad faith, or Plaintiffs otherwise were at fault, and the resulting injuries, if any, sustained by Plaintiffs were proximately caused and contributed to, in whole or in part, by the conduct of Plaintiffs.

## THIRTY-THIRD DEFENSE

42.     Defendant Asiana intends to rely on the defense that Defendant Asiana's conduct was justified, privileged, and in good faith, without malice, spite, or conscious, reckless, or negligent disregard of anyone's rights, if any, and without improper purpose or motive, maliciousness, or ill-will of any kind.  Defendant Asiana's conduct was within the reasonable expectations of the parties and

reasonably related to Defendant Asiana's legitimate business interests upon the basis of reasonable factors. Consistent with the foregoing, Defendant Asiana did not directly or indirectly perform or fail to perform any acts which constitute a violation of any right, if any, of anyone, or a violation of any duty or obligation, if any, owed to anyone.

### THIRTY-FOURTH DEFENSE

43. Defendant Asiana intends to rely on the defense that any claim for pre-judgment interest is barred where such relief is not available.

### THIRTY-FIFTH DEFENSE

44. Defendant Asiana relies on the defense of fair use.

### THIRTY-SIXTH DEFENSE

45. Defendant Asiana intends to rely on the defense that no likelihood of confusion exists or will be created by Defendant Asiana's activities and/or products.

### THIRTY-SEVENTH DEFENSE

46. Defendant Asiana intends to rely on the defense that Hawaii state law does not afford a private party a cause of action for unfair competition.

## THIRTY-EIGHTH DEFENSE

47. Defendant Asiana intends to rely on the defense that Plaintiffs' state-based claims are preempted by federal law.

## THIRTY-NINTH DEFENSE

48. Defendant Asiana intends to rely on the defense that there has been no actual confusion and no likelihood of confusion exists.

## FORTIETH DEFENSE

49. Defendant Asiana intends to rely on the defense that Defendant Asiana has not used any mark, device or representation in commerce that is likely to cause confusion or mistake as to the source, sponsorship or affiliation of any goods offered by Plaintiffs or Defendant Asiana.

## FORTY-FIRST DEFENSE

50. Defendant Asiana intends to rely on the defense that Defendant Asiana has not used any false or misleading statement in commercial advertising that misrepresents the nature, characteristics, qualities or geographic origin of any advertised goods or services or of any competitive goods or services of either Plaintiffs or Defendant Asiana.

### FORTY-SECOND DEFENSE

51.     Defendant Asiana intends to rely on the defense that Defendant Asiana relies upon all § 2 bars.

### FORTY-THIRD DEFENSE

52.     Defendant Asiana intends to rely on the defense that Defendant Asiana has acted in good faith.

### FORTY-FOURTH DEFENSE

53.     Defendant Asiana intends to rely on the defense that Plaintiffs are barred by the First Amendment to the United States Constitution from obtaining any of the relief they seek herein.

### FORTY-FIFTH DEFENSE

54.     Defendant Asiana intends to rely on the defense that Plaintiffs are barred from obtaining any of the relief they seek herein because the alleged harm to Plaintiffs' commercial interests, if any, results from fair and good faith competition in the marketplace.

### FORTY-SIXTH DEFENSE

55.     Defendant Asiana intends to rely on the defense that Plaintiffs are barred from obtaining any of the relief they seek herein because Plaintiffs have

257871.1

failed to establish facts sufficient to subject Defendant Asiana to liability under applicable law.

## FORTY-SEVENTH DEFENSE

56.     Defendant Asiana intends to rely on the defense that Plaintiffs are barred from obtaining any of the relief they seek herein because any loss or harm sustained by Plaintiffs as a result of Defendant Asiana's actions did not result from legally protected interests of Plaintiffs.

## FORTY-EIGHTH DEFENSE

57.     Defendant Asiana intends to rely on the defense that Plaintiffs are barred from obtaining any of the relief they seek herein because recognition of Plaintiffs' alleged claims will result in the imposition of an improper barrier to vigorous competition in the marketplace and will undermine a fundamental premise of the free-enterprise system.

## FORTY-NINTH DEFENSE

58.     Defendant Asiana intends to rely on the defense that Plaintiffs are barred from obtaining any of the relief they seek herein because the allegedly protectable interests of Plaintiffs are in the public domain and/or are standard in the relevant industry.

257871.1

**FIFTIETH DEFENSE**

59. Defendant Asiana intends to rely on the defense that Plaintiffs are barred from obtaining any of the relief they seek herein by the defense that the acts or omissions of Defendant Asiana were not a substantial factor in the causation of the damages and/or injuries allegedly suffered by Plaintiffs.

**FIFTY-FIRST DEFENSE**

60. Defendant Asiana intends to rely on the defense that Plaintiffs are barred from obtaining any of the relief they seek herein because in marketing Defendant Asiana's goods, Defendant Asiana has not made, and does not make, representations relating to Defendant Asiana's goods that are likely to deceive or mislead prospective purchasers to the likely commercial detriment of Plaintiffs.

**FIFTY-SECOND DEFENSE**

61. Defendant Asiana intends to rely on the defense that Plaintiffs are barred from obtaining any of the relief they seek herein by the defenses identified in Rule 12 of the Federal Rules of Civil Procedure.

**FIFTY-THIRD DEFENSE**

62. Defendant Asiana intends to rely on the defense that Plaintiffs are barred from obtaining injunctive and/or extraordinary relief because Plaintiff has not suffered irreparable harm.

### FIFTY-FOURTH DEFENSE

63.     Defendant Asiana intends to rely on the defense that Plaintiffs are barred from obtaining injunctive and/or extraordinary relief because the balancing of hardships favors Defendant Asiana and not Plaintiff.

### FIFTY-FIFTH DEFENSE

64.     Defendant Asiana intends to rely on the defense that Plaintiffs are barred from obtaining any of the relief they seek herein by virtue of public policy.

### FIFTY-SIXTH DEFENSE

65.     Defendant Asiana intends to rely on the defense that Plaintiffs are barred from obtaining any of the relief they seek herein because the alleged conduct of Defendant Asiana has not caused, and is not likely to cause, a diversion of trade from Plaintiffs or harm to Plaintiffs' reputation and/or goodwill.

WHEREFORE, Defendant Asiana prays for judgment as follows:

1.     That Plaintiffs take nothing by their Complaint herein, that judgment be entered against Plaintiffs on each claim contained in the Complaint and that the Complaint be dismissed;

2.     That Defendant Asiana have and recover its costs incurred herein, including reasonable attorneys' fees to the extent allowed by law; and

3.    For such other and further relief as this court deems just and proper.

DATED: Honolulu, Hawaii, July 7, 2006.

                          /s/ William G. Meyer, III
                          WILLIAM G. MEYER, III
                          PATRICK K. SHEA
                          Attorneys for Defendant
                          ASIANA MANAGEMENT GROUP, INC.
                          (d/b/a ACE SUSHI)