IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| WILLIAM R. KOWALSKI and HAWAII INTERNATIONAL SEAFOOD, INC., <br><br>Plaintiffs, <br><br>v. <br><br>ASIANA MANAGEMENT GROUP, INC. (d/b/a ACE SUSHI), <br><br>Defendant. | CIVIL NO. CV04-00080 JMS-LEK <br><br>COUNTERCLAIM |

## **COUNTERCLAIM**

COMES NOW Defendant ASIANA MANAGEMENT GROUP, INC. (d/b/a ACE SUSHI) ("Defendant Asiana") and for a counterclaim against Plaintiffs WILLIAM R. KOWALSKI and HAWAII INTERNATIONAL SEAFOOD, INC. (collectively "Plaintiffs") alleges and avers as follows:

COUNT I
DECLARATORY RELIEF

1.     The Court has jurisdiction over the subject matter of Defendant Asiana's counterclaim by reason of the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, and under 28 U.S.C. §§ 1331, 1338, and 1367.

2.     Personal jurisdiction over Plaintiffs exists and venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391(b) and (c), and 1400(b).

257898.1

- 2 -

3. Defendant Asiana has been accused and charged by Plaintiffs with infringement of United States Patent No. 5,972,401 ("the '401 patent") by reason of Defendant Asiana's making, using, offering for sale, or selling meat, fish, or seafood products treated by third-party suppliers according to a color retention process that is alleged to infringe the '401 patent, and Defendant Asiana has denied and does deny the validity and enforceability of the 401 Patent and Plaintiffs' charges of patent infringement.

4. An actual and justiciable controversy exists between Plaintiffs and Defendant Asiana involving the allegations of infringement of the '401 patent by Defendant Asiana and the validity/enforceability of the '401 patent.

5. Defendant Asiana is entitled to a judgment declaring that it has not infringed and is not infringing any of the claims of the '401 patent. As part of this allegation, Defendant Asiana repeats and re-alleges, and incorporates by reference herein, all of the averments, allegations and denials set forth in its Answer to Plaintiffs' Complaint.

6. Defendant Asiana is also entitled to a judgment declaring that each of the claims of the '401 patent are invalid and/or unenforceable. As part of this allegation, Defendant Asiana repeats and re-alleges, and incorporates by reference herein, all of the averments, allegations and denials set forth in its Answer to Plaintiffs' Complaint.

257898.1

## RELIEF AND PRAYER

WHEREFORE, Defendant Asiana prays for and requests the following relief against Plaintiffs:

I.    That judgment be entered herein declaring that:

    (A)    Defendant Asiana is not now infringing and has not in the past infringed the 401 patent;

    (B)    The '401 patent, and each of its claims, is invalid and/or unenforceable;

    (C)    Defendant Asiana has not engaged in any false, misleading, fraudulent, deceptive, willful, knowing, or intentional conduct in relation to the importation, selling, advertising, promotion, marketing, or labeling of fish and seafood products that would be a violation of laws pertaining to fraud, unfair competition, deceptive trade practices, and/or misrepresentations regarding the nature, characteristics, qualities, or geographic origin of goods;

    (D)    Plaintiffs' have brought this action and maintained their claims in the Complaint against Defendant Asiana without justification or probable cause, and/or for anti-competitive purposes against Defendant Asiana.

- 4 -

II.   That Defendant Asiana be awarded its reasonable attorney's fees and costs incurred in this civil action.

III.   That the Court award Defendant Asiana all other and further relief which the Court deems just or proper in the circumstances.

DATED: Honolulu, Hawaii, July 7, 2006.

/s/ William G. Meyer, III
WILLIAM G. MEYER, III
PATRICK K. SHEA
KAMRAN FATTAHI
Attorneys for Defendant
ASIANA MANAGEMENT GROUP, INC.
(d/b/a ACE SUSHI)