**ORIGINAL**

KAMRAN FATTAHI (California Bar 150,343)
LAW OFFICES OF KAMRAN FATTAHI
6345 Balboa Blvd., Suite 330 (Bldg. 2)
Encino, California  91316
Tel: (818) 996-0015
Fax: (818) 996-0095
Email: kfattahi@earthlink.net

Of Counsel:
DWYER SCHRAFF MEYER
  GRANT & GREEN
Attorneys at Law, A Law Corporation
WILLIAM G. MEYER, III        2513-0
PATRICK K. SHEA              8387-0
1800 Pioneer Plaza
900 Fort Street Mall
Honolulu, Hawaii  96813
Telephone:  (808) 524-8000
Facsimile:  (808) 537-4667
Email:  wmeyer@dwyerlaw.com
        pshea@dwyerlaw.com

Attorneys for Third-Party Plaintiff
  ASIANA MANAGEMENT GROUP, INC.
  (d/b/a ACE SUSHI)

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

JUL 2 1 2006

at 3 o'clock and 40 min. PM
SUE BEITIA, CLERK

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| WILLIAM R. KOWALSKI and HAWAII INTERNATIONAL SEAFOOD, INC.,<br><br>Plaintiffs,<br><br>v.<br><br>ASIANA MANAGEMENT GROUP, INC. (d/b/a ACE SUSHI),<br><br>Defendant. | CIVIL NO. CV04-00080 JMS-LEK<br><br>THIRD-PARTY COMPLAINT BY ASIANA MANAGEMENT GROUP, INC. AGAINST JFC INTERNATIONAL, INC., NISHIMOTO TRADING CO., LTD., OSAMU CORPORATION, AND JOHN DOES 1-50, JANE DOES 1-50, AND DOE PARTNERSHIPS, CORPORATIONS OR ENTITIES 1-50; |

258100.3

| | |
|---|---|
| ASIANA MANAGEMENT GROUP, INC. (d/b/a ACE SUSHI), | DEMAND FOR JURY TRIAL; SUMMONS; CERTIFICATE OF SERVICE |
| Counterclaimant, | |
| v. | Trial Date:    April 3, 2007 |
| WILLIAM R. KOWALSKI and HAWAII INTERNATIONAL SEAFOOD, INC., | |
| Counterclaim Defendants. | |
| ASIANA MANAGEMENT GROUP, INC. (d/b/a ACE SUSHI), | |
| Third-Party Plaintiff | |
| v. | |
| JFC INTERNATIONAL, INC.; NISHIMOTO TRADING CO., LTD.; OSAMU CORPORATION; JOHN DOES 1-50, JANE DOES 1-50, and DOE PARTNERSHIPS, CORPORATIONS or ENTITIES 1-50, | |
| Third-Party Defendants. | |

THIRD-PARTY COMPLAINT BY ASIANA MANAGEMENT GROUP, INC. AGAINST JFC INTERNATIONAL, INC., NISHIMOTO TRADING CO., LTD., OSAMU CORPORATION, AND JOHN DOES 1-50, JANE DOES 1-50, AND DOE PARTNERSHIPS, CORPORATIONS OR ENTITIES 1-50

Asiana Management Group, Inc. ("Asiana") hereby claims against JFC International, Inc., Nishimoto Trading Co., Ltd., and Osamu Corporation, and John Does 1-50, Jane Does 1-50, and Doe Partnerships, Corporations or Entities 1-50 (collectively "Third-Party Defendants"), as follows:

## JURISDICTION AND VENUE

1. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 and 1338, and has supplemental jurisdiction pursuant to 28 U.S.C. § 1367(a).

2. Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391 and 1400(b) in that, on information and belief, Third-Party Defendants are doing business in this district, and/or a substantial part of the events giving rise to the claims hereunder occurred in this district, and/or a substantial part of the property that is the subject of the action is situated in this district.

## THE PARTIES

3. On information and belief, Plaintiffs William R. Kowalski ("Kowalski") and Hawaii International Seafood, Inc. (collectively "Plaintiffs"), reside in and/or have a principal place of business in Honolulu, Hawaii.

4. Asiana is a California corporation and has a principal place of business in Gardena, California.

5. On information and belief, Third-Party Defendant JFC International, Inc. ("JFC") is a California corporation and has a principal place of business in South San Francisco, California.

6. On information and belief, Third-Party Defendant Nishimoto Trading Co., Ltd. ("Nishimoto") is a California corporation and has a principal place of business in Santa Fe Springs, California.

7. On information and belief, Third-Party Defendant Osamu Corporation ("Osamu") is a California corporation and has a principal place of business in Gardena, California.

8. Third-Party Defendants John Does 1-50, Jane Does 1-50 and Doe Partnerships, Corporations or Other Entities 1-50 (hereinafter individually and collectively the "Third-Party Does") are sued herein under fictitious names for the reason that, despite diligent and good faith efforts to obtain information, their true names and identities are presently unknown to Asiana, except that said Third-Party Does are connected in some manner with JFC, Nishimoto and/or Osamu and/or are the agents, principals, partners, officers, directors, servants, employees, employers, representatives, co-venturers, associates, consultants, vendors, manufacturers, subcontractors, contractors, sureties, insurers, owners, lessees, sublessees, lessors,

grantors, assignees, assignors, licensees and/or licensors of the same, and/or are additional suppliers of fish and/or seafood items to Asiana, and/or were in some manner presently unknown to Asiana engaged in the infringing activities alleged herein and/or were in some manner responsible for the injuries and/or damages to Plaintiffs and/or Asiana.

9.  Asiana is engaged in the business of providing and/or operating food counters at supermarkets that sell sushi and sushi-related food items to retail consumers.

10. Asiana has purchased and purchases raw fish and raw seafood items for its sushi business from its suppliers, including, JFC, Nishimoto, Osamu and the Third-Party Does.

11. On information and belief, Kowalski is listed as the inventor and owner of United States Patent No. 5,972,401 ("the '401 Patent"), and he is also the owner of Plaintiff Hawaii International Seafood, Inc.

12. In their First Amended Complaint filed herein on May 26, 2006 against Asiana (the "Complaint"), Plaintiffs allege a claim for infringement of the '401 Patent (Count One), and claims for unfair competition, misrepresentation, and deceptive trade practices (Count Two).

13. Plaintiffs allege that the '401 Patent broadly covers the treatment of fresh fish, seafood, and meat with smoke from which taste causing components have been

removed (i.e., "tasteless smoke") such that when these items are then frozen and later thawed, they preserve their natural/original red color through the freezing and thawing process, all without imparting any smoke taste to such items.

14. Plaintiffs further allege that Asiana utilizes fish that is processed for color retention and then frozen, and later thawed, and that the fish does not turn brown as would be the case if the fish were not processed for color retention, but, rather, retains its natural red color after freezing and thawing, without imparting a smoke taste, in a manner characteristic and indicative of the process covered by the '401 Patent, and that Asiana is therefore liable to Plaintiffs for infringement of the '401 Patent.

15. Plaintiffs have also alleged that Asiana falsely, misleadingly, and deceptively gave and still gives customers and government inspectors the impression and understanding that Asiana's fish is fresh, natural, untreated, contains no chemical additives, and is from Japan, when allegedly Asiana's fish is frozen, treated with chemical carbon monoxide gas to artificially exaggerate its color and quality, contains chemical carbon monoxide gas as an ingredient, and is not from Japan, and that Asiana is therefore liable to Plaintiffs for unfair competition, deceptive trade practices, fraud, passing off, and misrepresentations of fact concerning the nature, characteristics, qualities, or geographic origin of goods.

16. Plaintiffs seek various remedies against Asiana, including injunctive relief, damages, enhanced damages, costs, and attorneys' fees.

–7–

## COUNT I
### (Indemnity, Contribution, Subrogation)

17. Asiana incorporates by reference, as though fully set forth herein, the allegations set forth in paragraphs 1 through 16 above.

18. Asiana has purchased and purchases the fish, seafood, and other food items that are the subject of Plaintiffs' claims and causes of action in the Complaint (the "Allegedly Infringing Goods") from its independent suppliers JFC, Nishimoto, Osamu and the Third-Party Does.

19. In connection with the ordering and purchasing of the Allegedly Infringing Goods from JFC, Nishimoto, Osamu and the Third-Party Does, Asiana is only a purchaser of such goods from those suppliers who select and apply their own processing methods to such goods without any directive or specifications from Asiana, including any methods that they may use to impart color retention qualities or characteristics to the goods.

20. At all times when Asiana has purchased the Allegedly Infringing Goods from JFC, Nishimoto, Osamu and the Third-Party Does, those suppliers and/or others associated with them have been solely responsible for the process used for treatment of such goods, including any methods that they may use to impart color retention qualities or characteristics to the goods.

21. Asiana has denied and denies any and all liability to Plaintiffs.

22. If Plaintiffs were injured and damaged, as alleged, such injury was caused by the infringement, negligence, strict liability or other fault of JFC, Nishimoto, Osamu and the Third-Party Does, and Asiana was in no way at fault.

23. If it be determined that Asiana is in some way negligent, at fault or responsible, the infringement, negligence, fault or responsibility of Asiana was, and is, merely passive and secondary; whereas the infringement, negligence or responsibility of JFC, Nishimoto, Osamu and the Third-Party Does was, and is, primary and active.

24. Accordingly, Asiana is entitled to indemnification, contribution and/or subrogation from JFC, Nishimoto, Osamu and the Third-Party Does in connection with all claims asserted by Plaintiffs.

## COUNT II
### (Breach of Warranty Against Charges of Infringement)

25. Asiana incorporates by reference, as though fully set forth herein, the allegations set forth in paragraphs 1 through 24 above.

26. In connection with the ordering and purchasing of the Allegedly Infringing Goods from JFC, Nishimoto, Osamu and the Third-Party Does, Asiana relied upon the implied and/or express warranty provided by those suppliers that such goods would be free from the claims of any third person by way of charges of infringement or other legal or contractual violations that may be brought by third persons against Asiana.

27.   Asiana has suffered damages, incurred costs, and attorney's fees and is likely to continue to suffer damages, costs, and attorney's fees as a result of, and in connection with, the claims brought and the remedies sought by Plaintiffs herein.

28.   Asiana has provided notice to its suppliers, JFC, Nishimoto, and Osamu of their breach of warranty relating to the Allegedly Infringing Goods and has demanded that JFC, Nishimoto, and Osamu defend and indemnify Asiana in connection with the claims brought and the remedies sought by Plaintiffs, but JFC, Nishimoto and Osamu have refused to do so.

29.   JFC, Nishimoto, Osamu and the Third-Party Does are in breach of their obligations to sell Allegedly Infringing Goods to Asiana free from the claims of any third person, including each and every one of the claims brought and the remedies sought by Plaintiffs against Asiana herein.

30.   Accordingly, Asiana is entitled to recover from JFC, Nishimoto, Osamu and the Third-Party Does all of its damages, costs, and attorney's fees incurred in connection with the claims brought by Plaintiffs herein and in connection with the breaches of the Third-Party Defendants.

## **RELIEF AND PRAYER**

WHEREFORE, Asiana prays as follows:

I.  That if Plaintiffs have judgment against any party to this action, that said party have judgment against JFC, Nishimoto, Osamu and the Third-Party Does and not against Asiana;

II.  That if Plaintiffs have judgment against Asiana, that Asiana have judgment against JFC, Nishimoto, Osamu and the Third-Party Does for the amount of any judgment in favor of said Plaintiffs against Asiana;

III.  That if it is determined that Asiana and JFC, Nishimoto, Osamu and the Third-Party Does are jointly liable or are infringers or that Asiana is liable under principles of vicarious or contributory liability with respect to the injuries and damages of Plaintiffs, that the respective degree of liability of each party be determined and that Asiana have judgment against JFC, Nishimoto, Osamu and the Third-Party Does for any amount which Asiana must pay over and above its share of any judgment in favor of Plaintiffs;

IV.  That, in the alternative, if it is found that Asiana is not jointly liable, that it have judgment against JFC, Nishimoto, Osamu and the Third-Party Does by way of subrogation;

V. That judgment enter herein holding that JFC, Nishimoto, Osamu and/or the Third-Party Does have breached the implied and/or express warranties provided by each of them as suppliers of fish, seafood, and other food items to Asiana that are the subject of Plaintiffs' claims and causes of action herein;

VI. That judgment enter herein in favor of Asiana and against JFC, Nishimoto, Osamu and/or the Third-Party Does awarding Asiana all damages, enhanced damages, or other loss that it has suffered in connection with the claims brought by Plaintiffs herein and in connection with the conduct of the Third-Party Defendants as alleged herein;

VII. That the Court award Asiana its costs, attorneys' fees and such other and further relief as it may deem just and equitable in the circumstances of this case.

DATED: Honolulu, Hawaii, July 21, 2006.

_____
WILLIAM G. MEYER, III
PATRICK K. SHEA
KAMRAN FATTAHI
Attorneys for Third-Party Plaintiff
ASIANA MANAGEMENT GROUP, INC.
(dba ACE SUSHI)