ORIGINAL

Of Counsel:
DAMON KEY LEONG KUPCHAK HASTERT
Attorneys at Law
A Law Corporation

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

SEP 07 2006

at ___ o'clock and ___ min. ___ M
SUE BEITIA, CLERK

DIANE D. HASTERT          2240-0
GREGORY W. KUGLE          6502-0
TRED R. EYERLY            5641-0
1600 Pauahi Tower
1001 Bishop Street
Honolulu, Hawai`i  96813
http://www.hawaiilawyer.com
Telephone:  (808) 531-8031
Facsimile:  (808) 533-2242

Attorneys for Third-Party Defendant
    OSAMU CORPORATION

## IN THE UNITED STATES DISTRICT COURT

### FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| WILLIAM R. KOWALSKI and HAWAII INTERNATIONAL SEAFOOD, INC., | ) CIVIL NO. CV04-00080 JMS-LEK |
| | ) |
| | ) **THIRD-PARTY DEFENDANT** |
| Plaintiffs, | ) **OSAMU CORPORATION'S** |
| | ) **ANSWER TO THIRD-PARTY** |
| | ) **COMPLAINT BY ASIANA** |
| vs. | ) **MANAGEMENT GROUP, INC.;** |
| | ) **CERTIFICATE OF SERVICE** |
| ASIANA MANAGEMENT GROUP, INC. (d/b/a ACE SUSHI), | ) |
| | ) |
| Defendant. | ) Trial Date:  April 3, 2007 |
| | ) |
| | ) |
| ASIANA MANAGEMENT GROUP, INC. (d/b/a ACE SUSHI), | ) |
| | ) |
| Counterclaimant, | ) |

vs.                                        )
                                           )
WILLIAM R. KOWALSKI and                    )
HAWAII INTERNATIONAL                       )
SEAFOOD, INC.,                             )
                                           )
            Counterclaim                   )
            Defendants.                    )
_____        )
                                           )
ASIANA MANAGEMENT GROUP,                   )
INC. (d/b/a ACE SUSHI),                    )
                                           )
            Third-Party Plaintiff,         )
                                           )
vs.                                        )
                                           )
JFC INTERNATIONAL, INC.;                   )
NISHIMOTO TRADING CO., LTD.;               )
OSAMU CORPORATION; JOHN                    )
DOES 1-50, JANE DOES 1-50, and             )
DOE PARTNERSHIPS,                          )
CORPORATIONS or ENTITIES 1-50,             )
                                           )
            Third-Party                    )
            Defendants.                    )
_____        )

## THIRD-PARTY DEFENDANT OSAMU CORPORATION'S ANSWER TO THIRD-PARTY COMPLAINT BY ASIANA MANAGEMENT GROUP, INC.

Third-Party Defendant OSAMU CORPORATION ("Osamu")

responds to the Third-Party Complaint filed herein as follows:

191776/1/TE

2

1.    Osamu answers paragraph 1 of the Third-Party Complaint by admitting that United States District Courts have subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338 and in connection with claims within the Court's supplemental jurisdiction.  Osamu denies all remaining allegations contained in paragraph 1 of the Third-Party Complaint.

2.    Osamu answers paragraph 2 of the Third-Party Complaint by admitting it does business in this district.  Osamu denies all remaining allegations contained in paragraph 2 of the Third-Party Complaint.

3.    In response to the allegations contained in paragraphs 3, 4, 5, 6, 8, 9, 11, 19, 20, 26 and 27 of the Third-Party Complaint, Osamu is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in the paragraphs and therefore denies the same.

4.    Osamu admits the allegations contained in paragraph 7 of the Third-Party Complaint.

5.    In response to the allegations contained in paragraph 10, Osamu admits that Asiana has purchased fish from Osamu.  Osamu is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 10 and therefore denies the same.

6.    In response to the allegations contained in paragraphs 12, 13, 14, 15, 16 and 21 Osamu states that Plaintiffs' First Amended Complaint speaks for itself.  Osamu denies all remaining allegations contained in the paragraphs.

7.    In response to the allegations contained in paragraphs 17 and 25 of the Third-Party Complaint, Osamu incorporates by reference its responses to all other allegations of the Third-Party Complaint set forth herein.

8.    In response to the allegations contained in paragraph 18, Osamu admits that Asiana has purchased fish from Osamu.  Osamu is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 18 and therefore denies the same.

9.    Osamu denies the allegations contained in paragraphs 22, 23, 24, 29, and 30  of the Third-Party Complaint.

10.    In response to the allegations contained in paragraph 28, Osamu denies that Asiana has provided notice to Osamu of Asiana's breach of warranty relating to the Allegedly Infringing Goods.  Osamu also denies that Asiana has demanded that Osamu defend and indemnify Asiana in connection with the claims brought and the remedies sought by Plaintiffs and that Osamu has refused to do so.  Osamu is without knowledge or information sufficient to form a

belief as to the truth of the remaining allegations contained in paragraph 28 and therefore denies the same.

11.     Osamu denies each and every allegation contained in the Third-Party Complaint not admitted or otherwise answered herein.

## FIRST DEFENSE

12.     The Third-Party Complaint fails to state a claim upon which relief can be granted.

## SECOND DEFENSE

13.     Osamu intends to rely on the defense that it has not infringed and is not now infringing any valid claim of the 401 Patent that is the subject of the Complaint.

## THIRD DEFENSE

14.     Osamu intends to rely on the defense that no claim of United States Patent No. 5,972,401 literally or equivalently covers or includes, within its scope, any process used for treating fish, seafood, meat, or food ever made, used, offered for sale, or sold by Osamu.

## FOURTH DEFENSE

15.     Osamu intends to rely on the defense that, upon information and belief, by reason of the prosecution history of the 401 Patent, Plaintiffs are

estopped from asserting any claim of said patent which would cause such patents to cover or include within its scope any process for treating fish, seafood, meat, or food ever made, used, offered for sale, or sold by Osamu.

### FIFTH DEFENSE

16.    Osamu intends to rely on the defense that, upon information and belief, any interpretation of each claim of the 401 Patent which covers or includes any process for treating fish, seafood, meat, or food made, used, offered for sale, or sold by Osamu would cause each such claim, as so interpreted, to be invalid under the provisions of 35 U.S.C. § 100 et seq.

### SIXTH DEFENSE

17.    Osamu intends to rely on the defense that, upon information and belief, the 401 Patent and each claim thereof are invalid for failure to meet the requirements of 35 U.S.C. §§ 101, 102, 103, 112, and 251.  Consequently, Asiana has no right of indemnification, contribution, or breach of warranty claims against Osamu related to Plaintiffs' claims.

### SEVENTH DEFENSE

18.    Osamu intends to rely on the defense that, upon information and belief, the 401 Patent and each claim thereof are unenforceable by reason of Plaintiffs' inequitable conduct; file wrapper estoppel (prosecution history

estoppel); and equitable estoppel. In addition, Plaintiffs' claims for relief are barred by other patent misuse. Consequently, Asiana has no right of indemnification, contribution, or breach of warranty claims against Osamu related to Plaintiffs' claims.

## EIGHTH DEFENSE

19.    Osamu intends to rely on the defense that, upon information and belief, the 401 Patent and each of the claims thereof are unenforceable by reason of Plaintiffs' misuse of said patent in attempting to extend the monopoly allegedly granted thereby beyond any reasonable and justifiable interpretation of the claims therein, even if such claims are valid. Consequently, Asiana has no right of indemnification, contribution, or breach of warranty claims against Osamu related to Plaintiffs' claims.

## NINTH DEFENSE

20.    Osamu intends to rely on the defense that Asiana's allegations in Count Two of the Third-Party Complaint that Osamu has breached warranties against patent infringement is without probable cause and for improper anti-competitive purposes because Asiana knows that Osamu has not infringed the 401 Patent and/or not having any proper basis for bringing this Third-Party action against Osamu.

## TENTH DEFENSE

21.    Osamu intends to rely on the defense that Osamu has not engaged in any false, misleading, fraudulent, deceptive, willful, knowing, or intentional conduct in relation to the importation, selling, advertising, promotion, marketing, or labeling of fish and seafood products that has caused damage or harm to Asiana or Plaintiffs.

## ELEVENTH DEFENSE

22.    Osamu intends to rely on the defense that there is no legal obligation on Osamu to provide public notice or labeling regarding whether or not its fish and seafood products are fresh, natural, untreated, contains chemical additives, or regarding their geographic origin.

## TWELFTH DEFENSE

23.    Osamu intends to rely on the defense that Asiana is barred and estopped from asserting the claims set forth in the Third-Party Complaint by reason of its unclean hands.

## THIRTEENTH DEFENSE

24.    Osamu intends to rely on the defense that Asiana is barred and estopped from asserting the claims set forth in the Third-Party Complaint by virtue of the doctrine of laches.

## FOURTEENTH DEFENSE

25.    Osamu intends to rely on the defense that Asiana is barred and estopped from asserting the claims set forth in the Third-Party Complaint by virtue of the statute of limitations.

## FIFTEENTH DEFENSE

26.    Osamu intends to rely on the defense that the Third-Party Complaint fails to state facts sufficient to state a claim upon which relief can be granted as to Asiana's request for damages based upon indemnity, contribution, and subrogation or breach of warranty against charges of infringement.

## SIXTEENTH DEFENSE

27.    Osamu intends to rely on the defense that the Third-Party Complaint fails to state facts sufficient to state a claim upon which relief can be granted as to Plaintiffs' request for costs and/or attorneys' fees.

## SEVENTEENTH DEFENSE

28.    Osamu intends to rely on the defense that the Third-Party Complaint and Asiana's purported claims are not ripe for adjudication because the claims asserted in Plaintiffs' Complaint are not ripe for adjudication.

### EIGHTEENTH DEFENSE

29.    Osamu intends to rely on the defense that Plaintiffs' claims for relief are barred by the existence of invalidating prior art. Consequently, Asiana has no right of indemnification, contribution, or breach of warranty claims against Osamu related to Plaintiffs' claims.

### NINETEENTH DEFENSE

30.    Osamu intends to rely on the defense that Asiana's claims for relief are barred by all applicable statutory bars and/or statutory defenses not otherwise set forth herein.

### TWENTIETH DEFENSE

31.    Osamu intends to rely on the defense that Plaintiffs' claims for relief are barred by Plaintiffs' violation of the antitrust laws and/or violation of the Federal Trade Commission Act. Consequently, Asiana has no right of indemnification, contribution, or breach of warranty claims against Osamu related to Plaintiffs' claims.

### TWENTY-FIRST DEFENSE

32.    Osamu intends to rely on the defense that Asiana's claims for relief are barred by Asiana's violation of the antitrust laws and/or violation of the Federal Trade Commission Act.

### TWENTY-SECOND DEFENSE

33.    Osamu intends to rely on the defense that Asiana's claims for attorneys' fees are barred because this is not an "exceptional case" pursuant to either 35 U.S.C. § 285 or § 35(a) of the Lanham Act (15 U.S.C. § 1117(a)).

### TWENTY-THIRD DEFENSE

34.    Osamu intends to rely on the defense that Asiana's claims for relief are barred by Osamu's noninfringement, absence of liability for infringement, unenforceability, invalidity and all other grounds under 35 U.S.C. § 282 regarding Plaintiffs' patent.

### TWENTY-FOURTH DEFENSE

35.    Osamu intends to rely on the defense that Asiana's claims for relief are barred by virtue of the fact that the subject products have been materially changed by subsequent processes and/or because the subject product is a trivial and nonessential component part of another product pursuant to 35 U.S.C. § 271(a).

### TWENTY-FIFTH DEFENSE

36.    Osamu intends to rely on the defense that Plaintiffs' claims are barred by 25 U.S.C. § 287 due to Plaintiffs' failure to properly mark or give notice pursuant to the statute.  Consequently, Asiana has no right of indemnification,

contribution, or breach of warranty claims against Osamu related to Plaintiffs' claims.

## TWENTY-SIXTH DEFENSE

37.    Osamu intends to rely on the defense that the Third-Party Complaint and each of Asiana's claims for relief are moot.

## TWENTY-SEVENTH DEFENSE

38.    Osamu intends to rely on the defense that Asiana is precluded from asserting any rights alleged in the Third-Party Complaint by the doctrines of abandonment and/or waiver.

## TWENTY-EIGHTH DEFENSE

39.    Osamu intends to rely on the defense that Plaintiffs have suffered no cognizable damage or injury as a result of the matters alleged in the Complaint.  Consequently, Asiana has no right of indemnification, contribution, or breach of warranty claims against Osamu related to Plaintiffs' claims.

## TWENTY-NINTH DEFENSE

40.    Osamu intends to rely on the defense that any acts, or omissions to act, by Osamu were not the proximate cause of any injuries allegedly suffered by Asiana.

### THIRTIETH DEFENSE

41.    Osamu intends to rely on the defense that Asiana has failed to mitigate its damages and failed to exercise due diligence in their effort, if any, to mitigate their damages.

### THIRTY-FIRST DEFENSE

42.    Osamu intends to rely on the defense that Asiana's conduct concerning the matters alleged in the Third-Party Complaint constitutes carelessness, negligence, misconduct, and/or bad faith, or Asiana otherwise was at fault, and the resulting injuries, if any, sustained by Asiana was proximately caused and contributed to, in whole or in part, by the conduct of Asiana.

### THIRTY-SECOND DEFENSE

43.    Osamu intends to rely on the defense that Osamu's conduct was justified, privileged, and in good faith, without malice, spite, or conscious, reckless, or negligent disregard of anyone's rights, if any, and without improper purpose or motive, maliciousness, or ill-will of any kind.  Osamu's conduct was within the reasonable expectations of the parties and reasonably related to Osamu's legitimate business interests upon the basis of reasonable factors. Consistent with the foregoing, Osamu did not directly or indirectly perform or fail

to perform any acts which constitute a violation of any right, if any, of anyone, or a violation of any duty or obligation, if any, owed to anyone.

### THIRTY-THIRD DEFENSE

44.    Osamu intends to rely on the defense that any claim for pre-judgment interest is barred where such relief is not available.

### THIRTY-FOURTH DEFENSE

45.    Osamu intends to rely on the defense of fair use.

### THIRTY-FIFTH DEFENSE

46.    Osamu intends to rely on the defense that no likelihood of confusion exists or will be created by Osamu's activities and/or products.

### THIRTY-SIXTH DEFENSE

47.    Osamu intends to rely on the defense that Hawaii state law does not afford a private party a cause of action for unfair competition such as alleged in Plaintiffs' Complaint.  Consequently, Asiana has no right of indemnification, contribution, or breach of warranty claims against Osamu related to Plaintiffs' claims.

### THIRTY-SEVENTH DEFENSE

48.    Osamu intends to rely on the defense that Plaintiffs' state-based claims alleged in the Complaint are preempted by federal law.  Consequently,

Asiana has no right of indemnification, contribution, or breach of warranty claims against Osamu related to Plaintiffs' claims.

### THIRTY-EIGHTH DEFENSE

49.    Osamu intends to rely on the defense that there has been no actual confusion and no likelihood of confusion exists.

### THIRTY-NINTH DEFENSE

50.    Osamu intends to rely on the defense that Osamu has not used any mark, device or representation in commerce that is likely to cause confusion or mistake as to the source, sponsorship or affiliation of any goods offered by Plaintiffs, Asiana or Osamu.

### FORTIETH DEFENSE

51.    Osamu intends to rely on the defense that Osamu has not used any false or misleading statement in commercial advertising that misrepresents the nature, characteristics, qualities or geographic origin of any advertised goods or services or of any competitive goods or services of either Plaintiffs, Asiana or Osamu.

### FORTY-FIRST DEFENSE

52.    Osamu intends to rely on the defense that Osamu has acted in good faith.

### FORTY-SECOND DEFENSE

53.     Osamu intends to rely on the defense that Plaintiffs are barred by the First Amendment to the United States Constitution from obtaining any of the relief they seek herein.  Consequently, Asiana has no right of indemnification, contribution, or breach of warranty claims against Osamu related to Plaintiffs' claims.

### FORTY-THIRD DEFENSE

54.     Osamu intends to rely on the defense that Plaintiffs are barred from obtaining any of the relief they seek herein because the alleged harm to Asiana's commercial interests, if any, results from fair and good faith competition in the marketplace.

### FORTY-FOURTH DEFENSE

55.     Osamu intends to rely on the defense that Asiana is barred from obtaining any of the relief they seek herein because Asiana has failed to establish facts sufficient to subject Osamu to liability under applicable law.

### FORTY-FIFTH DEFENSE

56.     Osamu intends to rely on the defense that Asiana is barred from obtaining any of the relief it seeks herein because any loss or harm sustained by

Asiana as a result of Osamu's actions did not result from legally protected interests of Asiana.

## FORTY-SIXTH DEFENSE

57.    Osamu intends to rely on the defense that Asiana is barred from obtaining any of the relief it seeks herein because recognition of Asiana's alleged claims will result in the imposition of an improper barrier to vigorous competition in the marketplace and will undermine a fundamental premise of the free-enterprise system.

## FORTY-SEVENTH DEFENSE

58.    Osamu intends to rely on the defense that Asiana is barred from obtaining any of the relief it seeks herein because the allegedly protectable interests of Plaintiffs are in the public domain and/or are standard in the relevant industry.  Consequently, Asiana has no right of indemnification, contribution, or breach of warranty claims against Osamu related to Plaintiffs' claims.

## FORTY-EIGHTH DEFENSE

59.    Osamu intends to rely on the defense that Asiana is barred from obtaining any of the relief it seeks herein by the defense that the acts or omissions of Osamu were not a substantial factor in the causation of the damages and/or injuries allegedly suffered by Asiana.

### FORTY-NINTH DEFENSE

60.     Osamu intends to rely on the defense that in marketing Osamu's goods, Osamu has not made, and does not make, representations relating to Osamu's goods that are likely to deceive or mislead prospective purchasers to the likely commercial detriment of Plaintiffs.

### FIFTIETH DEFENSE

61.     Osamu intends to rely on the defense that Asiana is barred from obtaining any of the relief it seeks herein by the defenses identified in Rule 12 of the Federal Rules of Civil Procedure.

### FIFTY-FIRST DEFENSE

62.     Osamu intends to rely on the defense that Asiana is barred from obtaining any of the relief it seeks herein by virtue of public policy.

### FIFTY-SECOND DEFENSE

63.     Osamu intends to rely on the defense that Asiana is barred from obtaining any of the relief it seeks herein because the alleged conduct of Osamu has not caused, and is not likely to cause, a diversion of trade from Plaintiffs or harm to Plaintiffs' reputation and/or goodwill.  Consequently, Asiana has no right of indemnification, contribution, or breach of warranty claims against Osamu related to Plaintiffs' claims.

## FIFTY-THIRD DEFENSE

64.    Osamu intends to rely on the defense of apportionment of any damages assessed against it based upon the total amount of product supplied by the Third-party Defendants.

WHEREFORE, Osamu prays for judgment as follows:

1.    That Asiana takes nothing by its Third-Party Complaint herein, that judgment be entered against Asiana on each claim contained in the Third-Party Complaint and that the Third-Party Complaint be dismissed;

2.    That in the event Asiana is awarded damages, such damages be apportioned among Third-Party Defendants based upon the total amount of product supplied by each Third-Party Defendant;

3.    That Osamu have and recover its costs incurred herein, including reasonable attorneys' fees to the extent allowed by law; and

4.    For such other and further relief as this court deems just and proper.

DATED: Honolulu, Hawaii, _September 7_, 2006.

DAMON KEY LEONG KUPCHAK HASTERT

_____
DIANE D. HASTERT
GREGORY W. KUGLE
TRED R. EYERLY

Attorneys for Third-Party Defendant
OSAMU CORPORATION

191776/1/TE                                            19

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| WILLIAM R. KOWALSKI and HAWAII INTERNATIONAL SEAFOOD, INC., | CIVIL NO. CV04-00080 JMS-LEK |
| Plaintiffs, | **CERTIFICATE OF SERVICE** |
| vs. | Trial Date:  April 3, 2007 |
| ASIANA MANAGEMENT GROUP, INC. (d/b/a ACE SUSHI), | |
| Defendant. | |
| ASIANA MANAGEMENT GROUP, INC. (d/b/a ACE SUSHI), | |
| Counterclaimant, | |
| vs. | |
| WILLIAM R. KOWALSKI and HAWAII INTERNATIONAL SEAFOOD, INC., | |
| Counterclaim Defendants. | |
| ASIANA MANAGEMENT GROUP, INC. (d/b/a ACE SUSHI), | |
| Third-Party Plaintiff, | |
| vs. | |

JFC INTERNATIONAL, INC.;               )
NISHIMOTO TRADING CO., LTD.;           )
OSAMU CORPORATION; JOHN                )
DOES 1-50, JANE DOES 1-50, and         )
DOE PARTNERSHIPS,                      )
CORPORATIONS or ENTITIES 1-50,         )
                                       )
            Third-Party                )
            Defendants.                )
_____      )

## CERTIFICATE OF SERVICE

I hereby certify that on this date a true and correct copy of the

foregoing document was caused to be duly serve upon the following parties by

depositing same in the United States mail, postage prepaid to their last known

addresses as follows:

KAMRAN FATTAHI, ESQ.
LAW OFFICES OF KAMRAN FATTAHI
6345 Balboa Blvd., Suite 330 (Bldg. 2)
Encino, California 91316

        and

WILLIAM G. MEYER, III, ESQ.
PATRICK K. SHEA, ESQ.
Dwyer Schraff Meyer Grant & Green
Pioneer Plaza, Suite 1800
900 Fort Street Mall
Honolulu, Hawaii 96813

Attorneys for Third-Party Plaintiff
ASIANA MANAGEMENT GROUP, INC.

191776/1/TE

MILTON M. YASUNAGA, ESQ.
MARTIN E. HSIA, ESQ.
Cades Schutte
1000 Bishop Street, Suite 1200
Honolulu, Hawaii 96813

Attorneys for Plaintiffs
WILLIAM R. KOWALSKI and
HAWAII INTERNATIONAL SEAFOOD, INC.

DATED:  Honolulu, Hawaii, _September 7_____, 2006.

DAMON KEY LEONG KUPCHAK HASTERT


DIANE D. HASTERT
GREGORY W. KUGLE
TRED R. EYERLY

Attorneys for Third-Party Defendant
OSAMU CORPORATION