378413.3
WATANABE ING & KOMEIJI LLP
A Limited Liability Law Partnership

JOHN T. KOMEIJI      #2498-0
GREGG M. USHIRODA    #5868-0
23rd Floor, First Hawaiian Center
999 Bishop Street
Honolulu, Hawaii  96813
Telephone No. (808) 544-8300
Email: gushiroda@wik.com

Attorneys for Third-Party Defendant
**JFC INTERNATIONAL, INC.**

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF HAWAII

| | |
|---|---|
| WILLIAM R. KOWALSKI and HAWAII INTERNATIONAL SEAFOOD, INC., <br><br>  Plaintiff, <br><br> vs. <br><br> ASIANA MANAGEMENT GROUP, INC. (d/b/a ACE SUSHI), <br><br>  Defendant. <br><br>――――――――――――――――― <br><br> ASIANA MANAGEMENT GROUP, INC. (d/b/a ACE SUSHI), <br><br>  Counterclaimant, <br><br> vs. <br><br> WILLIAM R. KOWALSKI and HAWAII INTERNATIONAL SEAFOOD, INC., <br><br>  Counterclaim Defendant. | CIVIL NO. CV04-00080 JMS-LEK <br><br> **THIRD-PARTY DEFENDANT JFC INTERNATIONAL, INC.'S ANSWER TO THIRD-PARTY COMPLAINT BY ASIANA MANAGEMENT GROUP, INC. AGAINST JFC INTERNATIONAL, INC., NISHIMOTO TRADING CO., LTD., OSAMU CORPORATION, AND JOHN DOES 1-50, JANE DOES 1-50 AND DOE PARTNERSHIPS, CORPORATIONS OR ENTITIES 1-50, FILED JULY 21, 2006; and CERTIFICATE OF SERVICE** <br><br><br> **TRIAL: April 3, 2007** |

```
ASIANO MANAGEMENT GROUP, INC.  )
(d/b/a ACE SUSHI),             )
                               )
       Third-Party             )
       Plaintiff,              )
                               )
   vs.                         )
                               )
JFC INTERNATIONAL, INC.;       )
NISHIMOTO TRADING CO., LTD.;   )
OSAMU CORPORATION; JOHN DOES   )
1-50, JANE DOES 1-50, and DOE  )
PARTNERSHIPS, CORPORATIONS or  )
ENTITIES 1-50,                 )
                               )
       Third-Party             )
       Defendants.             )
_____)
```

**THIRD-PARTY DEFENDANT JFC INTERNATIONAL, INC.'S
ANSWER TO THIRD-PARTY COMPLAINT BY ASIANA MANAGEMENT GROUP
AGAINST JFC INTERNATIONAL, INC., NISHIMOTO TRADING CO., LTD.,
OSAMU CORPORATION, JOHN DOES 1-50, JANE DOES 1-50, AND DOE
PARTNERSHIPS, CORPORATIONS OR ENTITIES 1-50, FILED JULY 21, 2006**

Comes now Third-Party Defendant JFC INTERNATIONAL, INC. (hereinafter referred to as "Third-Party Defendant JFC") by and through its counsel, WATANABE ING & KOMEIJI LLP, for an answer to the Third-Party Complaint By Asiana Management Group against JFC International, Inc., Nishimoto Trading Co., Ltd., Osamu Corporation, John Does 1-50, Jane Does 1-50, and Doe Partnerships, Corporations or Entities 1-50 (hereinafter referred to as "Third-Party Complaint"), filed herein on July 21, 2006, alleges and avers as follows:

**FIRST DEFENSE**

1. The Third-Party Complaint fails to state a claim upon which relief may be granted.

**SECOND DEFENSE**

2. In response to the allegations contained in Paragraphs 1, 2, 3, 4, 6, 7, 8, 9, 11, 21 and 27 of the Third-Party Complaint, Third-Party Defendant JFC is without knowledge or information sufficient at the present time to form a belief as to the truth or falsity of the allegations contained therein, and thus denies the same.

3. The allegations contained in Paragraph 5 of the Third-Party Complaint are admitted.

4. In response to the allegations contained in Paragraph 10 of the Third-Party Complaint, Third-Party Defendant JFC admits only that Defendant and Third-Party Plaintiff Asiana Management Group (hereinafter referred to as "Third-Party Plaintiff") has purchased and purchases raw fish and raw seafood from JFC, but is without knowledge or information sufficient at the present time to form a belief as to the truth or falsity of the remaining allegations contained therein, and thus denies the same.

5 In response to the allegations contained in Paragraphs 12, 13, 14, 15 and 16 of the Third-Party Complaint, Third-Party Defendant JFC states that the First Amended Complaint

speaks for itself. Third-Party Defendant JFC is without knowledge or information sufficient at the present time to form a belief as to the truth or falsity of the remaining allegations contained therein and thus denies the same.

6. In response to the allegations in Paragraphs 17 and 25 of the Third-Party Complaint, Third-Party Defendant JFC repeats and realleges its responses to all Paragraphs in the Third-Party Complaint, inclusive, as set forth more fully herein.

7. In response to the allegations contained in Paragraph 18 of the Third-Party Complaint, Third-Party Defendant JFC admits only that Third-Party Plaintiff has purchased and purchases fish, seafood and other food items from Third-Party Defendant JFC, but denies the remaining allegations contained therein that relate to Third-Party Defendant JFC, and is without knowledge or information sufficient at the present time to form a belief as to the truth or falsity of the remaining allegations contained therein as they relate to other third-party defendants and thus denies the same.

8. In response to the allegations contained in Paragraphs 19, 20, 22, 23, 24, 26, 28, 29 and 30 of the Third-Party Complaint, Third-Party Defendant JFC denies the allegations contained therein that relate to Third-Party Defendant JFC, but is without knowledge or information sufficient at the present time to form a belief as to the truth or falsity of the remaining

allegations contained therein as they relate to other third-party defendants and thus denies the same.

9.  Third-Party Defendant JFC denies each and every other allegation set forth in the Third-Party Complaint not specifically herein answered.

**THIRD DEFENSE**

10.  Third-Party Defendant JFC gives notice that it intends to rely upon the defense that there has been no notice in connection with the claim of breach of express and/or implied warranty.

**FOURTH DEFENSE**

11.  Third-Party Defendant JFC gives notice that it intends to rely upon the defense that Third-Party Plaintiff's claims against Third-Party Defendant JFC are barred by Third-Party Plaintiff's failure to provide timely notice of the alleged breach of any express and/or implied warranties.

**FIFTH DEFENSE**

12.  Third-Party Defendant JFC gives notice that it intends to rely upon the defense that Third-Party Plaintiff did not receive and/or rely upon any alleged express or implied warranties by Third-Party Defendant JFC.

**SIXTH DEFENSE**

13. Third-Party Defendant JFC gives notice that it intends to rely upon the defense of lack of privity between Third-Party Defendant JFC and Third-Party Plaintiff.

**SEVENTH DEFENSE**

14. Third-Party Defendant JFC gives notice that it intends to rely upon the defense that liability to the Third-Party Plaintiff, if any, is the fault of persons, corporations, and/or entities other than Third-Party Defendant JFC.

**EIGHTH DEFENSE**

15. Third-Party Defendant JFC gives notice that it intends to rely upon the defense that any injuries or damages suffered by the Third-Party Plaintiff were caused by unavoidable and/or intervening, superseding, or other causes beyond the control of Third-Party Defendant JFC.

**NINTH DEFENSE**

16. Third-Party Defendant JFC gives notice that it intends to rely upon the defense that Third-Party Plaintiff's damages, if any, were caused by the negligence, breach and/or fault of Third-Party Plaintiff and/or persons, corporations and/or entities other than Third-Party Defendant JFC.

**TENTH DEFENSE**

17.   Third-Party Defendant JFC gives notice that it intends to rely upon the defense that Third-Party Plaintiff is barred from maintaining the Third-Complaint against Third-Party Defendant JFC based upon the doctrines of estoppel, laches and waiver.

**ELEVENTH DEFENSE**

18.   Third-Party Defendant JFC gives notice that it intends to rely upon the defense that Third-Party Plaintiff is barred from maintaining the Third-Party Complaint against Third-Party Defendant JFC based upon the ground of unclean hands.

**TWELFTH DEFENSE**

19.   Third-Party Defendant JFC gives notice that it intends to rely upon the defense that Third-Party Plaintiff's claims are barred by the applicable statute of limitations.

**THIRTEENTH DEFENSE**

20.   Third-Party Defendant JFC gives notice that it intends to rely upon the defense that it has not infringed on United States Patent No. 5,972,401 (hereinafter referred to as the "401 Patent") and that it has not infringed on any valid claim of the 401 Patent.

**FOURTEENTH DEFENSE**

21.   Third-Party Defendant JFC gives notice that it intends to rely upon the defense that no claim of the 401 Patent

literally or equivalently covers or includes within its scope any process used for treating any product that was made, used, sold, or offered for sale by Third-Party Defendant JFC.

**FIFTEENTH DEFENSE**

22. Third-Party Defendant JFC gives notice that it intends to rely upon the defense that the 401 Patent and each claim thereof are invalid for failure to comply with the requirements of 35 U.S.C. §§ 100, et seq., including but not limited to 35 U.S.C. §§ 101, 102, 103, and 112.

**SIXTEENTH DEFENSE**

23. Third-Party Defendant JFC gives notice that it intends to rely upon the defense that any interpretation of the claims of the 401 Patent that covers or includes any process for treating fish or other products made, used, sold, or offered for sale by Third-Party Defendant JFC would cause each such claim, as interpreted, to be invalid under the provisions of 35 U.S.C. §§ 100, et seq.

**SEVENTEENTH DEFENSE**

24. Third-Party Defendant JFC gives notice that it intends to rely upon the defense that by reason of the prosecution history of the 401 Patent, neither the 401 Patent nor any claims thereof cover or include within their scope any process for treating fish or other products made, used, sold, or offered for sale by Third-Party Defendant JFC.

**EIGHTEENTH DEFENSE**

25. Third-Party Defendant JFC gives notice that it intends to rely upon the defense that the 401 Patent and each claim thereof are unenforceable by reason of inequitable conduct, file wrapper estoppel/prosecution wrapper estoppel, equitable estoppel, and other patent misuse.

**NINETEENTH DEFENSE**

26. Third-Party Defendant JFC gives notice that it intends to rely upon the defense that it has not engaged in any false, misleading, fraudulent, deceptive, wilful, knowing, or intentional conduct with regard to fish or other products advertised, sold, or offered for sale by Third-Party Defendant JFC to Third-Party Plaintiff.

**TWENTIETH DEFENSE**

27. Third-Party Defendant JFC gives notice that it intends to rely upon the defense that claims for relief based on the 401 Patent are barred by the existence of invalidating prior art.

**TWENTY-FIRST DEFENSE**

28. Third-Party Defendant JFC gives notice that it intends to rely upon the defense of failure to join an indispensable party.

**TWENTY-SECOND DEFENSE**

29. Third-Party Defendant JFC gives notice that it intends to rely upon the defense that claims for relief based on the 401 Patent are barred by the violation of antitrust laws and/or violation of the Federal Trade Commission Act.

**TWENTY-THIRD DEFENSE**

30. Third-Party Defendant JFC gives notice that it intends to rely upon the defense that claims for relief based on the 401 Patent are barred by noninfringement, absence of liability for infringement, unenforceability, invalidity, and all other grounds set forth in 35 U.S.C. § 282.

**TWENTY-FOURTH DEFENSE**

31. Third-Party Defendant JFC gives notice that it intends rely upon the defense that claims for attorneys' fees are barred because this is an not an "exceptional case" within the meaning of 35 U.S.C. § 285 or 15 U.S.C. § 1117.

**TWENTY-FIFTH DEFENSE**

32. Third-Party Defendant JFC gives notice that it intends to rely upon the defense that claims for relief based on the 401 Patent are barred by 35 U.S.C. § 287.

**TWENTY-SIXTH DEFENSE**

33. Third-Party Defendant JFC gives notice that it intends to rely upon the defense of fair use.

**TWENTY-SEVENTH DEFENSE**

34. Third-Party Defendant JFC gives notice that it intends to rely upon the defense that no likelihood of confusion exists or will be created by its activities, products, and/or services.

**TWENTY-EIGHTH DEFENSE**

35. Third-Party Defendant JFC gives notice that it intends to rely upon the defense that there is and has been no actual confusion regarding its activities, products, and/or services.

**TWENTY-NINTH DEFENSE**

36. Third-Party Defendant JFC gives notice that it intends to rely upon the defense that it has not used any mark, device, or representation in commerce that is likely to cause confusion or mistake as to the source, sponsorship, or affiliation of any goods or services.

**THIRTIETH DEFENSE**

37. Third-Party Defendant JFC gives notice that it intends to rely upon the defense that it has not used any false or misleading statements in its advertising that misrepresent the nature, characteristics, qualities, or geographic origin of any goods or services.

**THIRTY-FIRST DEFENSE**

38.   Third-Party Defendant JFC gives notice that it intends to rely upon the defense that it has acted in good faith.

**THIRTY-SECOND DEFENSE**

39.   Third-Party Defendant JFC gives notice that it intends to rely upon the defense that it is not liable for any damages to the extent that such damages resulted from fair and good faith competition in the marketplace.

**THIRTY-THIRD DEFENSE**

40.   Third-Party Defendant JFC gives notice that it intends to rely upon the defense that in promoting its goods and services, it does not make representations regarding its goods and services that are likely to mislead or deceive purchasers to their detriment.

**THIRTY-FOURTH DEFENSE**

41.   Third-Party Defendant JFC gives notice that it intends to rely upon the defense that the relief sought against it is barred by public policy.

**THIRTY-FIFTH DEFENSE**

42.   Third-Party Defendant JFC gives notice that it intends to rely upon the defense that its alleged conduct has not caused, and is not likely to cause, a diversion of trade from any other party or harm to any other party's reputation of goodwill.

**THIRTY-SIXTH DEFENSE**

43. Third-Party Defendant JFC gives notice that it intends to rely upon the defense that the relief requested against it will result in an improper barrier to vigorous competition in the marketplace and will undermine the free-enterprise system.

**THIRTY-SEVENTH DEFENSE**

44. Third-Party Defendant JFC gives notice that it intends to rely upon the defense that the allegedly protectable interests that serve, in part, as a basis for the relief requested against Third-Party Defendant JFC are in the public domain and/or are standard in the relevant industry.

**THIRTY-EIGHTH DEFENSE**

45. Third-Party Defendant JFC gives notice that it intends to rely upon the defense that claims for relief based on the 401 Patent are barred by reason of misuse of the 401 Patent in attempting to extend the monopoly allegedly granted thereby beyond any reasonable and justifiable interpretation of the claims therein.

**THIRTY-NINTH DEFENSE**

46. Third-Party Defendant JFC gives notice that it intends to rely upon the defense that Third-Party Plaintiff's claims against Third-Party Defendant JFC are barred by any and

all applicable statutory bars and defenses not otherwise stated herein.

**FORTIETH DEFENSE**

47.  Third-Party Defendant JFC gives notice that it intends to rely upon the defense that any process used for treating any product that was made, used, sold, or offered for sale by Third-Party Defendant JFC was covered by or included within the scope of a valid patent other than the 401 Patent, to the extent that such process was the subject of a patent.

**FORTY-FIRST DEFENSE**

48.  Third-Party Defendant JFC gives notice that in addition to the above defenses, it intends to rely upon any other matter constituting an avoidance or affirmative defense as set forth in Rule 8(c) of the Federal Rules of Civil Procedure, and will seek to amend its answer to allege such defenses of which it may become aware during the course of further investigation, discovery, or trial in this matter.

By alleging the above defenses separately and additionally, Third-Party Defendant JFC intends no alteration of the burden of proof and/or burden of going forward with evidence which otherwise exists with respect to any particular issues at law or in equity.  Further, all such defenses are pleaded in the alternative and do not constitute an admission of liability or that Third-Party Plaintiff is entitled to any relief whatsoever.

WHEREFORE, Third-Party Defendant JFC prays for judgment in its favor and requests that the Third-Party Plaintiff take nothing by way of its Third-Party Complaint and further request as follows:

(1) That the Third-Party Complaint herein be dismissed with prejudice against Third-Party Defendant JFC in its entirety;

(2) That Third-Party Defendant JFC be awarded its costs and expenses incurred in connection with this action, including reasonable attorneys' fees;

(3) That Third-Party Defendant JFC be awarded such other further relief as the Court deems just and proper.

DATED: Honolulu, Hawaii, October 3, 2006.

    /s/ Gregg M. Ushiroda
JOHN T. KOMEIJI
GREGG M. USHIRODA
Attorneys for Third-Party Defendant
**JFC INTERNATIONAL, INC.**

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF HAWAII

| | |
|---|---|
| WILLIAM R. KOWALSKI and HAWAII INTERNATIONAL SEAFOOD, INC.,<br><br>      Plaintiff,<br><br>  vs.<br><br>ASIANA MANAGEMENT GROUP, INC. (d/b/a ACE SUSHI),<br><br>      Defendant.<br>_____<br>ASIANA MANAGEMENT GROUP, INC. (d/b/a ACE SUSHI),<br><br>      Counterclaimant,<br><br>  vs.<br><br>WILLIAM R. KOWALSKI and HAWAII INTERNATIONAL SEAFOOD, INC.,<br><br>      Counterclaim Defendant.<br>_____<br>ASIANO MANAGEMENT GROUP, INC. (d/b/a ACE SUSHI),<br><br>      Third-Party Plaintiff,<br><br>  vs.<br><br>JFC INTERNATIONAL, INC.; et al.,<br><br>      Third-Party Defendants.<br>_____ | CIVIL NO. CV04-00080 JMS-LEK<br><br>**CERTIFICATE OF SERVICE**<br><br><br><br><br>**TRIAL: April 3, 2007** |

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing was duly served electronically through CM/ECF and/or mailing same, U.S. Postage prepaid, on the following parties to their last known address on October 3, 2006:

**MILTON M. YASUNAGA, ESQ.**
**MARTIN E. HSIA, ESQ.**
Cades Schutte LLP
1000 Bishop Street; Suite 1200
Honolulu, HI 96813

Attorneys for Plaintiffs


**KAMRAN FATTAHI, ESQ.**
Law Offices of Kamran Fattahi
6345 Balboa Boulevard; Suite 330
(Building 2)
Encino, CA 91316

    and

**WILLIAM G. MEYER, III, ESQ.**
**PATRICK K. SHEA, ESQ.**
Dwyer Schraff Meyer Grant & Green
1800 Pioneer Plaza
900 Fort Street
Honolulu, HI 96813

Attorneys for Third-Party Plaintiff
ASIANA MANAGEMENT GROUP, INC. (dba ACE SUSHI)


DATED: Honolulu, Hawaii, October 3, 2006.

                    /s/ Gregg M. Ushiroda
                    JOHN T. KOMEIJI
                    GREGG M. USHIRODA
                    Attorneys for Third-Party Defendant
                    **JFC INTERNATIONAL, INC.**

- 2 -