Of Counsel:
ALSTON HUNT FLOYD & ING
Attorneys At Law
A Law Corporation

LOUISE K. Y. ING            2394-0
ALLISON KIRK GRIFFITHS  8156-0
Suite 1800, ASB Tower
1001 Bishop Street
Honolulu, Hawaii  96813
Telephone:  (808) 524-1800
E-mail:      ling@ahfi.com
                 agriffiths@ahfi.com

Attorneys for Third Party Defendant
NISHIMOTO TRADING CO., LTD.

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| WILLIAM R. KOWALSKI and HAWAII INTERNATIONAL SEAFOOD, INC., | ) CIVIL NO. CV04-00080 DAE-LEK ) ) **THIRD-PARTY DEFENDANT** |
| Plaintiffs, | ) **NISHIMOTO TRADING CO.,** ) **LTD.'S ANSWER TO THIRD-** ) **PARTY COMPLAINT OF** |
| v. | ) **ASIANA MANAGEMENT** ) **GROUP, INC., FILED ON** |
| ASIANA MANAGEMENT GROUP, INC. (d/b/a ACE SUSHI), | ) **JULY 21, 2006**; **CERTIFICATE** ) **OF SERVICE** ) |
| Defendant. | ) ) |
| ASIANA MANAGEMENT GROUP. Inc. (d/b/a ACE SUSHI), | ) ) TRIAL:  April 3, 2007 |
| Counterclaimant, | ) ) |
| v. | ) |

|  | ) |
| WILLIAM R. KOWALSKI and | ) |
| HAWAII INTERNATIONAL | ) |
| SEAFOOD, INC., | ) |
|  | ) |
| Counterclaim Defendants. | ) |
|  | ) |
|  | ) |
| ASIANA MANAGEMENT GROUP, | ) |
| INC. (d/b/a ACE SUSHI), | ) |
|  | ) |
| Third-Party Plaintiff, | ) |
|  | ) |
|  | ) |
| v. | ) |
|  | ) |
| JFC INTERNATIONAL, INC., | ) |
| NISHIMOTO TRADING CO., LTD.; | ) |
| OSAMU CORPORATION; JOHN | ) |
| DOES 1-50, JANE DOES 1-50, AND | ) |
| DOES PARTNERSHIPS, | ) |
|  | ) |
| CORPORATIONS or ENTITIES | ) |
| 1-50, | ) |
|  | ) |
| Third-Party Defendants. | ) |

**THIRD-PARTY DEFENDANT NISHIMOTO TRADING CO.,
LTD.'S ANSWER TO THIRD-PARTY COMPLAINT OF ASIANA
MANAGEMENT GROUP, INC., FILED ON JULY 21, 2006**

Third-Party Defendant Nishimoto Trading Co., Ltd. ("Nishimoto")

hereby files its Answer to Third-Party Plaintiff Asiana Management Group,

Inc.'s (d/b/a ACE Sushi) ("Asiana") Third-Party Complaint filed on July 21,

2006 ("Third-Party Complaint") as follows:

2

## Admissions and Denials

1.     In answer to paragraph 1 of the Third-Party Complaint, Nishimoto admits that the U.S. District Courts have subject matter jurisdiction pursuant to 28 USC § 1331 and § 1338 and supplemental jurisdiction pursuant to 28 USC § 1367.  Nishimoto is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in paragraph 1 of the Third-Party Complaint and therefore denies the same; provided, however, that Nishimoto denies that Asiana is entitled to any relief against Nishimoto as alleged in the Third-Party Complaint.

2.     In answer to paragraph 2 of the Third-Party Complaint, Nishimoto admits it is does business in this district.  Nishimoto is without knowledge or information sufficient to form a belief as to truth or falsity of the remaining allegations contained in paragraph 2 of the Third-Party Complaint and therefore denies the same.

3.     In answer to paragraph 3 of the Third-Party Complaint, Nishimoto is without knowledge or information sufficient to form a belief as to the truth or falsity of any of the allegations in paragraph 3 of the Third-Party Complaint and therefore denies each and every one of the allegations in paragraph 3 of the Third-Party Complaint.

4.     In answer to paragraph 4 of the Third-Party Complaint, Nishimoto is without knowledge or information sufficient to form a belief as to the truth or falsity of any of the allegations in paragraph 4 of the Third-Party Complaint and therefore denies each and every one of the allegations in paragraph 4 of the Third-Party Complaint.

5.     In answer to paragraph 5 of the Third-Party Complaint, Nishimoto is without knowledge or information sufficient to form a belief as to the truth or falsity of any of the allegations in paragraph 5 of the Third-Party Complaint and therefore denies each and every one of the allegations in paragraph 5 of the Third-Party Complaint.

6.     In answer to paragraph 6 of the Third-Party Complaint, Nishimoto admits the allegations of paragraph 6 of the Third-Party Complaint.

7**.**     In answer to paragraph 7 of the Third-Party Complaint, Nishimoto is without knowledge or information sufficient to form a belief as to the truth or falsity of any of the allegations in paragraph 7 of the Third-Party Complaint and therefore denies each and every one of the allegations of paragraph 7 of the Third Party Complaint.

8.     In answer to paragraph 8 of the Third-Party Complaint, Nishimoto is without knowledge or information sufficient to form a belief as

to the truth or falsity of any of the allegations in paragraph 8 of the Third-Party Complaint and therefore denies each and every one of the allegations of paragraph 8 of the Third-Party Complaint.

9.     In answer to paragraph 9 of the Third-Party Complaint, Nishimoto is without knowledge or information sufficient to form a belief as to the truth or falsity of any of the allegations in paragraph 9 of the Third-Party Complaint and therefore denies each and every one of the allegations of paragraph 9 of the Third-Party Complaint.

10.     In answer to paragraph 10 of the Third-Party Complaint, Nishimoto admits that Asiana has purchased fish or seafood items from Nishimoto.  Nishimoto is without knowledge or information sufficient to form a belief as to the truth or falsity of any of the remaining allegations in paragraph 10 of the Third-Party Complaint and therefore denies the same.

11.     In answer to paragraph 11 of the Third-Party Complaint, Nishimoto admits that William R. Kowalski is listed as the sole inventor in U.S. Patent No. 5,972,401 (the "'401 Patent").  Nishimoto is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of paragraph 11 of the Third-Party Complaint and therefore denies the same.

12.    In answer to paragraph 12 of the Third-Party Complaint, Nishimoto affirmatively states that the First Amended Complaint filed herein on May 26, 2006 ("Complaint") by William R. Kowalski and Hawaii International Seafood, Inc. ("Plaintiffs") speaks for itself.  Therefore, Nishimoto denies the allegations of paragraph 12 of the Third-Party Complaint.

13.    In answer to paragraph 13 of the Third-Party Complaint, Nishimoto states that the Complaint speaks for itself.  Beyond the Complaint itself, Nishimoto is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 13 of the Third-Party Complaint and therefore denies the same.

14.    In answer to paragraph 14 of the Third-Party Complaint, Nishimoto states that the Complaint speaks for itself.  Beyond the Complaint itself, Nishimoto is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 14 of the Third-Party Complaint and therefore denies the same.

15.    In answer to paragraph 15 of the Third-Party Complaint, Nishimoto states that the Complaint speaks for itself.  Beyond the Complaint itself, Nishimoto is without knowledge or information sufficient to form a

belief as to the truth or falsity of the allegations contained in paragraph 15 of the Third-Party Complaint and therefore denies the same.

16.     In answer to paragraph 16 of the Third-Party Complaint, Nishimoto states that the Complaint speaks for itself.  Beyond the Complaint itself, Nishimoto is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 16 of the Third-Party Complaint and therefore denies the same.

### Count I
### (Indemnity, Contribution, Subrogation)

17.     In answer to paragraph 17 of the Third-Party Complaint, Nishimoto incorporates by reference herein its answers to the allegations of paragraph 1 through 16 of the Third-Party Complaint, set forth above.

18.     In answer to paragraph 18 of the Third-Party Complaint, Nishimoto is without knowledge or information sufficient to form as to the truth or falsity of any of the allegations set forth in paragraph 18 of the Third-Party Complaint and therefore denies each and every one of the allegations of paragraph 18 of the Third-Party Complaint.

19.     In answer to paragraph 19 of the Third-Party Complaint, as to Nishimoto, Nishimoto denies the allegations of paragraph 19 of the Third-Party Complaint.  As to the remaining allegations of paragraph 19 of the Third-Party Complaint, Nishimoto is without knowledge or information

sufficient to form a belief as to the truth or falsity of any allegations set forth in paragraph 19 of the Third-Party Complaint and therefore denies the same.

20.     In answer to paragraph 20 of the Third-Party Complaint, as to Nishimoto, Nishimoto denies the allegations of paragraph 20 of the Third-Party Complaint.  As to the remaining allegations of paragraph 20 of the Third-Party Complaint, Nishimoto is without knowledge or information sufficient to form a belief as to the truth or falsity of any allegations set forth in paragraph 20 of the Third-Party Complaint and therefore denies the same.

21.     In answer to paragraph 21 of the Third-Party Complaint, on information and belief, Nishimoto admits that Asiana has denied and denies any and all liability to Plaintiffs.

22.     In answer to paragraph 22 of the Third-Party Complaint, as to Nishimoto, Nishimoto denies the allegations of paragraph 22 of the Third-Party Complaint.  As to the remaining allegations of paragraph 22 of the Third-Party Complaint, Nishimoto is without knowledge or information sufficient to form a belief as to the truth or falsity of such allegations set forth in paragraph 22 of Third-Party Complaint and therefore denies the same.

23.     In answer to paragraph 23 of the Third-Party Complaint, as to Nishimoto, Nishimoto denies the allegations of paragraph 23 of the Third-

Party Complaint. As to the remaining allegations of paragraph 23 of the Third-Party Complaint, Nishimoto is without knowledge or information sufficient to form a belief as to the truth or falsity of such allegations set forth in paragraph 23 of Third-Party Complaint and therefore denies the same.

24.    In answer to paragraph 24 of the Third-Party Complaint, as to Nishimoto, Nishimoto denies the allegations of paragraph 24 of the Third-Party Complaint. As to the remaining allegations of paragraph 24 of the Third-Party Complaint, Nishimoto is without knowledge or information sufficient to form a belief as to the truth or falsity of such allegations set forth in paragraph 24 of Third-Party Complaint and therefore denies the same.

## COUNT II
### (Breach of Warranty Against Charges of Infringement)

25.    In answer to paragraph 25 of the Third-Party Complaint, Nishimoto incorporates by reference herein its answers to the allegations of paragraphs 1 through 24 of the Third-Party Complaint, set forth above.

26.    In response to paragraph 26 of the Third-Party Complaint, as to Nishimoto, Nishimoto denies the allegations of paragraph 26 of the Third-Party Complaint. As to the remaining allegations of paragraph 26 of the Third-Party Complaint, Nishimoto is without knowledge or information

sufficient to form a belief as to the truth or falsity of such allegations set forth in paragraph 23 of Third-Party Complaint and therefore denies the same.

27.     In answer to paragraph 27 of the Third-Party Complaint, Nishimoto admits, on information and belief, that Asiana has incurred attorney's fees and costs; provided, however, that Nishimoto denies that it caused or is in any way responsible for any damages incurred by Asiana, including any attorney's fees and costs.  Nishimoto is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of paragraph 27 of the Third-Party Complaint and therefore denies the same.

28.     In answer to paragraph 28 of the Third-Party Complaint, Nishimoto admits that Asiana has made certain defense and/or indemnity demands on Nishimoto.  As to Nishimoto, Nishimoto denies the remaining allegations of paragraph 28 of the Third-Party Complaint.  Nishimoto is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of paragraph 28 of the Third-Party Complaint and therefore denies the same.

29.     In answer to paragraph 29 of the Third-Party Complaint, as to Nishimoto, Nishimoto denies the allegations contained in paragraph 29 of

the Third-Party Complaint.  As to the remaining allegations of paragraph 29 of the Third-Party Complaint, Nishimoto is without knowledge or information sufficient to form a belief as to the truth or falsity of such allegations of paragraph 29 of the Third-Party Complaint and therefore denies the same.

30.     In answer to paragraph 30 of the Third-Party Complaint, as to Nishimoto, Nishimoto denies the allegations contained in paragraph 30 of the Third-Party Complaint.  As to the remaining allegations of paragraph 30 of the Third-Party Complaint, Nishimoto is without knowledge or information sufficient to form a belief as to the truth or falsity of such allegations of paragraph 30 of the Third-Party Complaint and therefore denies the same.

31.     Nishimoto denies each and every allegation in the Third-Party Complaint not admitted or otherwise answered herein.

32.     Nishimoto further denies the allegations contained in, or that Asiana is entitled to any of the relief requested in, paragraphs I through VII of the Third-Party Complaint, as against Nishimoto.

<u>AFFIRMATIVE AND OTHER DEFENSES</u>

33.     The Third-Party Complaint fails to state a claim against Nishimoto upon which relief can be granted.

34.     Nishimoto intends to rely on the defense that it has not infringed any valid and enforceable claim of the '401 Patent.

35.     Nishimoto intends to rely on the defense that the '401 Patent is invalid under 35 U.S.C. § 102(a) because the invention was known or used by others in this country before the invention thereof by the applicant for the '401 Patent.

36.     Nishimoto intends to rely on the defense that the '401 Patent is invalid under 35 U.S.C. § 102(a) because the invention was patented or described in a printed publication in this or a foreign country before the invention thereof by the applicant for the '401 Patent.

37.     Nishimoto intends to rely on the defense that the '401 Patent is invalid under 35 U.S.C. § 102(b) because the invention was patented or described in a printed publication more than one year prior to the date of the application for the '401 Patent.

38.     Nishimoto intends to rely on the defense the '401 Patent is invalid under 35 U.S.C. § 102(b) because the invention was in public use or on sale in this country more than one year prior to the date of application for the '401 Patent.

39.    Nishimoto intends to rely on the defense that the '401 Patent is invalid under 35 U.S.C. § 102(f) because the inventor did not himself invent the subject matter of the '401 Patent.

40.    Nishimoto intends to rely on the defense that the '401 Patent is invalid under 35 U.S.C. § 102(g) because before the patentee's invention thereof, the invention was made by another in this country who had not abandoned, suppressed, or concealed it.

41.    Nishimoto intends to rely on the defense that the '401 Patent is invalid under 35 U.S.C. § 103 because the differences between the subject matter sought to be patented and the prior art are such that the subject matter as a whole would have been obvious at the time the invention was made to a person having ordinary skill in the art to which the subject matter pertains.

42.    Nishimoto intends to rely on the defense that Nishimoto has not engaged in any false, misleading, fraudulent, deceptive, willful, knowing or intentional conduct in relation to the importation, selling, advertising, promotion, marketing or labeling of fish or seafood products that has caused damage or harm to Plaintiffs or Asiana.

43.    Nishimoto intends to rely on the defense that Asiana is barred and estopped from asserting the claims set forth in the Third-Party

Complaint by reason of Plaintiffs' and/or Asiana's unclean hands and inequitable conduct.

44.     Nishimoto intends to rely on the defense that Plaintiffs are barred and estopped from asserting the claims set forth in the Complaint by virtue of the doctrine of laches, and that Asiana is also barred and estopped from asserting the claims set forth in the Third-Party Complaint by virtue of the doctrine of laches.

45.     Nishimoto intends to rely on the defense that Asiana is barred and estopped from asserting the claims set forth in the Third-Party Complaint by virtue of the statute of limitations, and that Plaintiffs are barred and estopped from asserting the claims set forth in the Complaint by virtue of the statute of limitations.

46.     Nishimoto intends to rely on the defense that the Complaint fails to state sufficient facts to state a claim upon which relief can be granted as to Plaintiffs' request for damages.

47.     Nishimoto intends to rely on the defense that the Third-Party Complaint fails to state facts to state a claim upon which relief can be granted as to Asiana's request for damages.

48.    Nishimoto intends to rely on the defense that the Complaint fails to state sufficient facts to state a claim upon which relief can be granted as to Plaintiffs' request for costs and/or attorneys' fees.

49.    Nishimoto intends to rely on the defense that the Third-Party Complaint fails to state sufficient facts to state a claim upon which relief can be granted as to Asiana's request for costs and/or attorneys' fees.

50.    Nishimoto intends to rely on the defense that the Complaint (and Third-Party Complaint) fails to state sufficient facts to state a claim upon which relief can be granted as to any request for injunctive relief.

51.    Nishimoto intends to rely on the defense that Plaintiffs' purported claims are not each ripe for adjudication.

52.    Nishimoto intends to rely on the defense that Asiana's purported claims are not each ripe for adjudication.

53.    Nishimoto intends to rely on the defense that Plaintiffs are precluded from asserting the rights alleged in the Complaint by the doctrines of abandonment and/or waiver, and that Asiana is precluded from asserting the rights alleged in the Third-Party Complaint by the doctrines of abandonment and/or waiver.

54.    Nishimoto intends to rely on the defense that in view of the state of the prior art and the language of the claims of the '401 Patent,

Plaintiffs (and Asiana) are estopped from maintaining that the claims of the patent have such scope as to cover and embrace any product that Nishimoto has made, sold, or used.

55.     Nishimoto intends to rely on the defense that Plaintiffs suffered no cognizable damage or injury as a result of the matters alleged in the Complaint.

56.     Nishimoto intends to rely on the defense that Asiana suffered no cognizable damage or injury as a result of the matters alleged in the Third-Party Complaint, as against Nishimoto.

57.     Nishimoto intends to rely on the defense that any acts, or omissions to act, by Nishimoto were not the proximate cause of any injuries allegedly suffered by Plaintiffs or Asiana.

58.     Nishimoto intends to rely on the defense that Plaintiffs and Asiana have failed to mitigate, and failed to take proper steps to mitigate, their alleged damages.

59.     Nishimoto intends to rely on the defense that no likelihood of confusion exists or has been or will be created by Nishimoto's activities and/or products, and that there has been no actual confusion.

60.     Nishimoto intends to rely on the defense that Asiana itself caused and/or contributed to its own alleged damages, if any.

61.    Nishimoto intends to rely on the defense that the '401 Patent is unenforceable by reason of misuse of the '401 patent by Plaintiffs and their agents, attorneys, predecessors in interest, and those in privity with Plaintiffs, by their inequitable conduct in the prosecution of the patent and by their discriminatory and anti-competitive licensing and attempts to license the patent following issuance.

62.    Nishimoto intends to rely on the defense that no private right of action is afforded with respect to Count II of the Complaint, including Plaintiffs' unfair competition claims, and Plaintiffs lack standing to assert such claims, and that Asiana also lacks standings to assert any such or similar claims as against Nishimoto.

63.    Nishimoto intends to rely on the defense that the acts or omissions of Asiana and/or the acts or omissions of others were the cause of Plaintiffs' alleged damages and were acts beyond the control of Nishimoto for which Nishimoto is not liable.

64.    Nishimoto intends to rely on the defense that independent intervening forces by persons and/or things other than Nishimoto may have been the legal and proximate cause of Plaintiffs' and/or Asiana's damages for which Nishimoto should not be held liable.

65.     Nishimoto intends to rely on the defense that Asiana's claims, including for breach of warranty, are brought in bad faith, without probable cause and without proper purpose as Asiana knows that Nishimoto has not infringed the '401 Patent.

66.     Nishimoto intends to rely on the defense that there is no legal obligation on Nishimoto to provide public notice or labeling regarding whether or not its products are fresh, natural, untreated, contain chemical additives, or regarding their origin.

67.     Nishimoto intends to rely on the defense that Plaintiffs' claims are barred by applicable statutory bars and/or defenses.

68.     Nishimoto intends to rely on the defense Plaintiffs' (and Asiana's) claims are barred by violation of the antirust laws and/or Federal Trade Commission Act.

69.     Nishimoto intends to rely on the defense that the subject products have been materially changed by subsequent processes and/or because the subject product is a trivial and nonessential component part of another product.

70.     Nishimoto intends to rely on the defense that: its conduct was justified, privileged and in good faith, without malice, spite or conscious, reckless or negligent disregard of anyone's rights, if any, and without

improper purpose or motive, maliciousness, or ill-will of any kind;
Nishimoto's conduct was within the reasonable expectations of the parties
and reasonably related to Nishimoto's legitimate business interests;
Nishimoto did not perform or fail to perform any acts which constitute a
violation of any right, if any, of anyone, or violation of any duty or
obligation, if any, owed to anyone.

71.     Nishimoto intends to rely on the defense that Plaintiffs' (and
Asiana's) state-based trade claims are preempted by federal law.

72.     Nishimoto intends to rely on the defense that it has not used any
false or misleading statement in commercial advertising that misrepresents
the nature, characteristics, qualities or origin of any advertised goods.

73.     Nishimoto intends to rely on the defense that it has acted in
good faith.

74.     Nishimoto intends to rely on the defense that Plaintiffs and
Asiana are barred from the relief they seek herein because any alleged harm,
if any, results from fair and good faith competition.

75.     Nishimoto intends to rely on the defense that Plaintiffs and
Asiana are barred from relief because the allegedly protectable interests of
Plaintiffs are in the public domain and/or standard in the relevant industry.

76.    Nishimoto intends to rely on the defense that Asiana is barred from relief because the acts or omissions of Nishimoto were not a substantial factor in the causation of damages allegedly suffered by Asiana.

77.    Nishimoto intends to rely on the defense that Asiana is barred from obtaining the relief it seeks by virtue of public policy.

78.    Nishimoto intends to rely on the defense that it has not made representations regarding its goods that are likely to deceive or mislead prospective purchasers to the likely commercial detriment of Plaintiffs.

79.    Nishimoto intends to rely on the defense that the alleged conduct of Nishimoto has not caused, and is not likely to cause, a diversion of trade from Plaintiffs or harm their reputation and/or goodwill.

80.    Nishimoto intends to rely on the defense that Plaintiffs' and Asiana's claims for relief are barred by Nishimoto's non-infringement, absence of liability for infringement, unenforceability, invalidity, failure to mark or give notice, and/or any and all other grounds under 35 U.S.C. § 282 regarding Plaintiffs' patent/claims.

81.    Nishimoto intends to rely on the defense that Asiana is barred from obtaining relief by the defenses identified in Rule 12 of the Federal Rules of Civil Procedure.

82.    Nishimoto intends to rely on the defense that Plaintiffs' (and Asiana's) are barred from relief by the First Amendment to the United States Constitution.

83.    Nishimoto intends to rely on the defense that any award against it for exemplary and/or punitive damages is unconstitutional.

84.    Nishimoto intends to rely on the defense of apportionment of damages relative to the supply by the Third-Party Defendants.

85.    Nishimoto gives notice that it intends to rely upon any of the above or other defenses to the underlying claims of Plaintiffs, including affirmative and other defenses asserted by Asiana herein, including as would serve as a bar to Asiana's claims for indemnification, contribution, subrogation, breach of warranty and/or otherwise.

86.    Nishimoto gives notice that it intends to rely upon other defenses which may become available or apparent during the course of investigation, discovery and trial, including those asserted by Asiana against Plaintiffs, and Nishimoto reserves the right to amend this answer to assert such defenses.

**WHEREFORE, Nishimoto respectfully requests that this Court to:**

a.    dismiss Asiana's Third-Party Complaint with prejudice

as against Nishimoto;

b.    award Nishimoto its attorneys' fees;

c.    award Nishimoto its costs; and

d.    take other such action as the Court deems fair and

equitable.

Dated:   Honolulu, Hawaii, October 9, 2006.

/s/ Louise K. Y. Ing_____
LOUISE K. Y. ING
ALLISON KIRK GRIFFITHS
Attorneys for Third-Party Defendant
NISHIMOTO TRADING CO., LTD.

627,939 / 8494-1

N:\SYS25\9164\0023\Answers of Nishimoto to 3rd Party.doc